The People of the State of New York, Respondent, *v.* Roxalana Druse, Appellant.

It is within the discretion of the court upon a criminal trial, after a witness for the prosecution has detailed the incidents of a transaction, to permit the district attorney to call his attention to particular facts.

Upon the trial of an indictment for murder, after evidence has been given on the part of the defendant tending to show that the homicide was committed in self-defense, he may follow it with proof of the general reputation of the deceased for quarrelsomeness and violence ; but evidence of specific acts of violence toward third persons is incompetent.

A confession of a defendant in a criminal action voluntarily made is competent evidence against him, although made when he was under arrest. (Code of Crim. Pro., § 395.)

(Argued October 13, 1886 ; decided October 26, 1886.)

Defendant was indicted and convicted of the crime of murder in the first degree.

The opinion is taken up principally with a consideration of the evidence on the trial, the court reaching the conclusion that it amply justified the conviction. Some questions as to the evidence were considered and disposed of, as appears by the following extract from the opinion :

"(1.) The court, in its discretion, properly permitted the district attorney to call the attention of the witnesses for the

people, Frank Gates and George Druse, to particular facts, after they, without interruption, had gone through the story of the incidents of the eighteenth of December. We think the judge carefully guarded and protected the legal rights of the defendant in their examination.

"(2.) The court properly excluded the defendant's offer to show by the witness Van Evera that the deceased treated his domestic animals with cruelty. The rule is that after evidence has been given by a defendant, tending to show that the homicide was committed in self-defense, he may follow it by proof of the general reputation of the deceased for quarrelsomeness and violence. But a defendant is confined to proof of general reputation, and evidence of specific acts of violence toward third persons is inadmissible. (*People* v. *Lamb*, 2 Keyes, 360, 371; *Eggler* v. *People*, 56 N. Y. 342, 643; *Thomas* v. *People*, 67 id. 218.) This principle plainly excludes the evidence offered.

"(3.) The confession of the defendant to the witness McDonald was properly admitted. It was not made under the influence of fear produced by threats nor upon any promise of immunity from prosecution, and was, therefore, admissible within the general rule prescribed by section 395 of the Code of Criminal Procedure. It is immaterial that when made the defendant was under arrest. The confession was voluntary and was not within the rule recently applied in the case of Mondon, excluding confessions made by an accused prisoner, as a witness who has not been informed of his legal rights.

"(4.) The court properly excluded evidence to show that the deceased robbed his father when in his coffin of his grave clothes and wore them at his funeral. It was wholly irrelevant and immaterial."

*H. D. Luce* for appellant.

*Eugene E. Sheldon* for respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.