PEOPLE v. COLLETTA.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. INDECENT ASSAULT—CONFESSION—EVIDENCE—ADMISSIBILITY.

Evidence of a policeman, in a prosecution for indecent assault on a child, that while going to the station with defendant he asked him "what in the world had got into him," and that defendant said, "Well, I was only fooling; I wanted to see what she had, that was all,"—was admissible, in the absence of proof of intimidation or restraint.

2. SAME—ASSENT OF CHILD—DEFENSE.

Where uncontradicted evidence, in a prosecution for indecent assault on a child five years old, showed that the child had cried out, "You hurt me! Stop that,"—the rule that the assent of a child of tender years is a defense to such charge has no application.

Appeal from court of special sessions of Second division of city of New York.

Peter Colletta was convicted of assault, and appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John J. Freschi, for appellant.
William Van Wyck, for the People.

JENKS, J. The defendant appeals from a judgment of his conviction by the court of special sessions of the Second division of an

assault upon a girl aged five years. The only substantial points raised on the appeal are (1) that testimony of the defendant's confession or admission was improperly admitted; (2) that indecent assault upon a child of tender years is not punishable by law, if it appear that the child assented.

It appears that a policeman testified that after he had arrested the defendant, and while they were going to the station house, he asked the defendant "what in the world had got into him," and that the defendant said, "Well, I was only fooling; I wanted to see what she had, that was all." There is not the slightest proof to show that the conversation was the result either of intimidation or restraint. The evidence was clearly admissible. Section 395, Code Cr. Proc; People v. Druse, 103 N. Y. 655, 8 N. E. 733; Cox v. People, 80 N. Y. 500; People v. Wentz, 37 N. Y. 303; People v. Chapleau, 121 N. Y. 266, 24 N. E. 469; People v. Bennett, 37 N. Y. 117, 133, 93 Am. Dec. 551. It has been held that the assent of a child of tender years is a defense to a charge of indecent assault. The general term of the Fourth department so held in People v. Persons, 2 N. Y. Cr. R. 114, upon the authority of People v. Bransby, 32 N. Y. 534, and of People v. Justices of Court of Special Sessions, 18 Hun, 330. See, too, Reg. v. Meredith, 8 Car. & P. 589; Reg. v. Banks, Id. 574; Reg. v. Martin, 9 Car. & P. 213. In Reg. v. Cockburn, 3 Cox, Cr. Cas. 543, Patterson, J., said: "A child under ten years of age cannot give consent to any criminal intercourse, so as to deprive that intercourse of any criminality, but she can give such consent as to render the attempt no assault. We know that a child can consent to that which, without such consent, would constitute an assault." In People v. Justices of Court of Special Sessions, supra, the court, per Daniels, J., recognized the rule, but said that in the case of a girl of 12 years evidence of positive resistance was not required, and that where a person takes advantage of the ignorance and inexperience of a young girl for the purpose of indecently interfering with her person, and no actual assent is given to the act, no offense is committed. And in Reg. v. Lock, L. R. 2 Cr. Cas. 10, the prisoner was charged with indecent assault upon lads of eight years of age. Kelly, C. B., said that, though there was submission, there was not consent, and Martin, B., and the other judges concurred. But the rule thus stated has no application to this case, for the uncontradicted testimony is that the child "hollered" more than once, "You hurt me! Stop that."

The judgment of conviction must be affirmed. All concur.