[No. 24023.     Department Two.—December 26, 1893.]

## THE PEOPLE, RESPONDENT, *v.* ADOLPH KRUGER, APPELLANT.

CRIMINAL LAW—EVIDENCE—IMPEACHING WITNESS FOR PROSECUTION—CONTRADICTORY STATEMENTS—SURPRISE—IMPROPER OBJECTION.—Where the prosecution was allowed, on the ground of surprise, to lay a foundation for the impeachment of its own witness by proving that he had made contradictory statements, an objection to such proof, on the ground that if he had made such contradictory statement the testimony should first be read to him, is properly overruled, it not appearing that the contradictory statement was in the shape of testimony.

ID.—BURGLARY—DEGREE OF OFFENSE—INSTRUCTION.—An instruction to the jury upon the trial of a defendant charged with burglary, to the effect that if they were convinced from the evidence beyond a reasonable doubt that the appellant was guilty of the crime charged, that their verdict should be guilty of burglary in the first degree, could not have been injurious to the defendant, where it is clear that the burglary charged was committed, if at all, in the night-time.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Robert Ferral*, for Appellant.

*Attorney-General W. H. H. Hart*, for Respondent.

McFARLAND, J.—The information charges appellant, jointly with one Oman, with the crime of burglary. He was convicted, and appeals from the judgment and from an order denying a new trial.

Oman, who had pleaded "guilty," was called as a witness for the prosecution, and testified that appellant had nothing to do with the commission of the alleged crime. The prosecuting attorney was allowed, on the ground of surprise, to ask the witness if at the time he pleaded guilty he had not stated in the presence of the court, the clerk, the shorthand reporter, the prosecuting attorney and others, that appellant was one of the parties who committed the crime, and had climbed over the roof through the skylight, etc. To this counsel for appellant objected, not upon the ground that it was not a genuine case of "surprise," but upon the ground that if he made such a statement he should first have the testimony read to him. We do not think that the court erred in overruling the objection. The purpose was not to impeach the witness by a written instrument, but simply to lay a foundation for showing that he had made contradictory statements. It does not even appear that the statement referred to was in the shape of "testimony."

Objection is made to the last paragraph of the court's charge to the jury, to the effect that if the jury were convinced from the evidence beyond a reasonable doubt that appellant was guilty of the crime charged, then their verdict should be guilty of burglary in the first degree. It is true that a court should not often hazard such an instruction; but it is so clear in the case at bar that the burglary charged was committed, if at all, in the night-time, that no possible injury could have been done by the instruction. The instructions, as a whole,

stated the law applicable to the case correctly, and were not at all unfavorable to appellant.

The most direct evidence against appellant came from accomplices, but we think that their testimony was sufficiently corroborated.

There are no other points made by appellant.

Judgment and order affirmed.

De Haven, J., and Fitzgerald, J., concurred.