[Crim. No. 134.  Third Appellate District.—July 15, 1910.]

THE PEOPLE, Respondent, v. JOHN G. HEIVNER, Appellant.

CRIMINAL LAW—INCEST WITH SISTER—SUFFICIENCY OF INFORMATION—ABSENCE OF DEMURRER.—An information, to which no demurrer was filed, which charges the defendant with incest, and substantially follows the language of the statute, sufficiently avers that the prosecutrix was the sister of the defendant by stating that "The said John G. Heivner . . . did willfully, unlawfully and upon the person of one Kate Curless, a sister of the defendant, etc." It is clear that the defendant was thereby informed that Kate Curless was his sister; and it could not have been understood in any other way. Even if it were conceded that the allegation is deficient, it could be attacked only by special demurrer.

ID.—EVIDENCE—VOLUNTARY CONFESSION BY DEFENDANT TO OFFICERS.—The confession of the defendant made in the presence of the sheriff and district attorney was properly admitted in evidence as voluntary, where both of those officers testified that no inducement was offered or coercion used, and they both relate all that occurred at the time, and it appears from their testimony that only an inference can be drawn therefrom favorable to the ruling of the court admitting the confession in evidence.

ID.—ADMONITION OF SHERIFF TO "TELL THE TRUTH."—The admonition of the sheriff to the defendant to "tell the truth" is not sufficient to avoid the confession.

ID.—ABSENCE OF "ARTIFICE, FALSEHOOD OR DECEPTION."—There is no evidence that the sheriff or district attorney took any advantage of the defendant, or used any "artifice, falsehood or deception" to obtain from him any statement; but their conduct seems to have been altogether decorous, and not violative of any right of appellant.

ID.—CORRECTNESS OF INSTRUCTIONS.—It is held that the court committed no error in giving or refusing instructions; and that every principle of law applicable to the charge against the defendant and to the evidence, and necessary for the enlightenment of the jurors, is found in the instructions given by the trial judge.

ID.—SUPPORT OF VERDICT.—The positive testimony of the prosecutrix, and the confession of the defendant, together with some circumstantial evidence, afford ample support for the verdict.

APPEAL from a judgment of the Superior Court of Tehama County, and from an order denying a new trial. John F. Ellison, Judge.

H. P. Andrews, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

BURNETT, J.—This appeal invites but brief consideration, as the questions presented involve only familiar and elementary principles.

There is no merit in the contention that the information is insufficient. It follows substantially the language of the statute and it is not obnoxious to just criticism. No demurrer was filed and the only suggestion of infirmity is that there is no positive allegation in the information that the prosecutrix was the sister of defendant. The averment is that "The said John G. Heivner . . . did willfully, unlawfully and feloniously upon the person of one Kate Curless, a sister of the said John G. Heivner," etc. It is clear that by this allegation the defendant was informed that Kate Curless is his sister, and it could not have been understood in any other way. Even if it were conceded that the allegation is defective, it could be attacked only by special demurrer.

Some claim is made that the confession received in evidence was not shown to be voluntary. But in this appellant is entirely mistaken. The sheriff and the district attorney both testified that no inducement was offered nor coercion used. They related all that occurred at the time, and from their testimony only an inference favorable to the ruling of the court can be drawn. The only thing suggesting an approach to coercion is found in the admonition of the sheriff addressed to the defendant to "tell the truth," but this is not sufficient to avoid the confession. In *State* v. *Staley,* 14 Minn. 113, and cases therein cited, the rule is stated as follows: "The fact that the confession was made in answer to a question assuming the guilt of the person, or was obtained by artifice, falsehood or deception, or preceded by a caution to the accused to tell the truth if he said anything, does not render the confession inadmissible in evidence." It may be said here that there is no evidence that either the sheriff or the district attorney took any advantage of the defendant or used any "artifice, falsehood or deception" to obtain from him any

13 Cal. App.—49

statement, but their conduct seems to have been altogether decorous and not violative of any right of appellant.

The court committed no error in giving or refusing instructions. Every principle of law applicable to the charge and evidence and necessary for the enlightenment of the jurors is found in the written directions of the trial judge to them, and there is nothing therein of which complaint can justly be made.

The positive testimony of the prosecutrix and the confession of defendant, together with some circumstantial evidence, afford ample support for the verdict, and we see no reason for interfering with the action of the jury.

The judgment and order denying the motion for a new trial are affirmed.

Hart, J., and Chipman, P. J., concurred.