[Crim. No. 743.    First Appellate District, Division One.—December 19, 1918.]

THE PEOPLE, Respondent, v. TOM HOWARD, Appellant.

CRIMINAL LAW—BURGLARY—PRIOR CONVICTION—READING INFORMATION TO JURY—PRESUMPTION ON APPEAL.—Where the information in a prosecution for burglary charged a prior conviction, and the record on appeal states that the defendant admitted the "prior" when arraigned, and that thereafter the information was read by the clerk to the jury, it will be assumed in support of the verdict that the clerk did his duty properly, and in view of the provision of section 1093 of the Penal Code, it will not be assumed that the portion of the information relating to the prior conviction was read, in the absence of an affirmative showing that such course was taken.

ID.—INDETERMINATE SENTENCE LAW—EFFECT ON CODE PROVISIONS RESPECTING PRIOR CONVICTIONS.—The provisions of the Penal Code in relation to prior convictions as a basis for increased penalty were not repealed by implication by the indeterminate sentence law.

ID.—BURGLARY IN FIRST DEGREE—INSTRUCTION JUSTIFIED BY UNDISPUTED EVIDENCE.—Where the uncontradicted evidence showed that the burglary, if committed at all, was committed in the night-time, an instruction that the defendant was to be convicted, "if at all," of burglary in the first degree, did not prejudice any substantial right of the defendant.

ID.—VERDICT—EVIDENCE.—In this prosecution for burglary the verdict of guilty was sustained by the evidence.

APPEAL from a judgment of the Superior Court of Alameda County.    Wm. S. Wells, Judge.    Affirmed.

The facts are stated in the opinion of the court.

George D. Collins, Jr., for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

BEASLY, J., pro tem.—This is an appeal from a final judgment of conviction had in the superior court of Alameda County, by which the defendant was convicted of burglary in the first degree.    The defendant's motion for a new trial having been denied, he appeals from the judgment and order.

The defendant was charged with a prior conviction of as-

sault to murder, and the first point made in his behalf is that, although he pleaded guilty to the prior conviction, that part of the information was read to the jury, contrary to section 1093 of the Penal Code. This point is stated as follows in appellant's brief: ''The record here explicitly states that the defendant admitted the 'prior' when arraigned; and that thereafter the information was read by the clerk to the jury, it being the duty of the clerk under section 1093 of the Penal Code to read the information to the jury. In the body of the information thus read is an averment of the 'prior,' contrary to the usual practice of annexing to the pleading a printed slip alleging the 'prior.' ''

The practice in many superior courts is to allege the ''prior'' in the information, and this is the better practice. Upon the foregoing statement this court cannot say that that portion of the information alleging the prior conviction was read to the jury, for it must be assumed in support of the verdict that the clerk did his duty properly, and that he read only that portion of the information which was material at the time the information was read. In the absence of an affirmative showing that the ''prior'' was read, it will not be assumed that such course was taken.

Appellant also makes the point that the legal effect of the indeterminate sentence is to repeal, by necessary implication, all the provisions of the Penal Code in relation to prior convictions as a basis for increased penalty. We cannot agree to this. It may well be that the legislature, when it enacted the statute providing for the indeterminate sentence without directly repealing the provisions with relation to the allegation of prior convictions, had in mind that the establishment of the fact of prior conviction beyond a reasonable doubt by an allegation in the pleadings and a conviction thereon would be of value to the state board of prison directors, whose function in fixing the duration of imprisonment under the indeterminate sentence is practically the same as was that of the trial judge before the indeterminate sentence was adopted in this state, and as there is nothing in the indeterminate sentence statute repugnant to the provisions of the code in relation to allegation and proof of prior convictions, we are bound to decide that those provisions, which it must be conceded will be useful as above set forth, were not repealed by implication by the indeterminate sentence law.

As it appeared from the evidence, without possibility of contradiction, that the burglary, if committed at all, was committed in the night-time, the instruction of the court defining burglary in the first degree, and stating that the defendant was to be convicted, if at all, of burglary in the first degree, did not prejudice any substantial right of the defendant.

It is claimed that the evidence does not sustain the verdict. The commission of the burglary on the night of January 14, 1918, between five minutes to seven in the evening and ten minutes after nine the same evening is shown beyond any doubt by the testimony of the complaining witness. A gold bracelet, a signet ring, a cigar-case and some beads, identified as the property of the complaining witness and stolen from the premises burglarized, were discovered on the sixteenth day of January (within two days after the burglary) in premises hired and occupied by the defendant. In these premises were also found a set of "burglar tools," consisting of two revolvers and a hand satchel containing four revolvers and two jimmies," also skeleton keys and some more jewelry. The defendant was arrested on the evening of the crime charged, at about 9:15 o'clock, in Oakland, where the burglary was committed. When asked where he lived he stated that he resided in San Francisco, but could not give his address. When questioned further by the officers he admitted that he was living on Thirty-ninth Avenue, in Oakland, with two other persons named Harris and Graham. He was also asked if there was not another party named Egan, concerning whom he stated, "Oh, well, now, what is the use of bringing an innocent man into it? Egan didn't have anything to do with this." He was unable to account for the property of Mrs. Blakemore being found in his rooms. He further refused to state where he was at the time of the commission of the crime, other than to declare that he was at the house of some friends whose names he did not wish to bring into the case. When he was further questioned by the officer who asked: "Well, now, Tom, you must know something about this," defendant replied: "Now, what the hell is the use of asking me these questions? You have got enough here on me to hang me and keep me here as long as you want."

This evidence certainly sustains the verdict of guilty.

The judgment and order are affirmed.

Lennon, P. J., and Sturtevant, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 16, 1919, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 17, 1919, and the following opinion then rendered thereon:

THE COURT.—In denying the application for a hearing in this court after decision by the district court of appeal of the first appellate district, division one, we deem it proper to say that we are entirely satisfied with the conclusion of the district court of appeal that the provisions of the Penal Code in relation to prior convictions as a basis for increased penalty are in no way affected by the indeterminate sentence law, but are still in force and effect, with the result that when a prior conviction is established by the record in the trial court it must be taken into consideration by the state board of prison directors in determining the duration of imprisonment under the indeterminate sentence law.

All the Justices concurred.