[Crim. No. 952.  First Appellate District, Division Two.—August 5, 1921.]

THE PEOPLE, Respondent, v. JOHN O'BRIEN, Appellant.

[1] CRIMINAL LAW — CONFESSION — EXHORTATION TO SPEAK TRUTH — EVIDENCE.—A confession will not be excluded merely because the prisoner was exhorted or urged to speak the truth.

[2] ID.—BURGLARY—DEGREE OF—DEFINITION OF NIGHT-TIME—INSTRUCTIONS.—In a prosecution for burglary, where the evidence is undisputed that the crime was committed in the night-time, it is not error to instruct the jury that if the defendant is guilty of burglary at all it is burglary in the first degree; and such an instruction is not rendered so erroneous as to require reversal by reason of the fact that the court defined "night-time" as being "between sundown and sunrise on the second day of June," when what he meant to say was between sundown on the first day of June and sunrise on the second.

APPEAL from a judgment of the Superior Court of Santa Clara County.  J. R. Welch, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Ralph C. McComish and Harry A. Houser for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

NOURSE, J.—Defendant appeals from a judgment following a verdict of guilty of burglary in the first degree.  The crime was committed by the breaking into a store in Palo Alto and taking therefrom a large quantity of silks.  Two men were seen lurking around the rear of the store empty-handed at about 1 A. M. on the night of the crime, and some time later were seen coming out of the store with three suitcases and a grip.  They were then seen near the railway depot about 2:30 A. M. by a police officer.  On the approach of the officer both men fled, dropping the suitcases, which were filled with the articles stolen from the store.  Defendant's companion was immediately captured by the

---

1.  Reasons for exclusion of confessions, notes, 18 L. R. A. (N. S.) 771; 50 L. R. A. (N. S.) 1077.

officer, while defendant was taken into custody between Palo Alto and Redwood City about 5 A. M. of the same day. After examination by the police officers he admitted his guilt, and this confession was used against him on the trial. There is no suggestion in the record negativing the guilt of defendant, but certain technical objections are made to the course of the trial.

[1] First it is said that the confession was not admissible because it was not voluntarily made. The evidence relied on to show that it was involuntary shows that the officers urged appellant to tell the truth and that he "might as well make a clean breast of it." It does not present a case where the confession was obtained by either threats or promises of reward. (*People* v. *Haney*, 46 Cal. App. 317, [189 Pac. 338, 340].) Though he was urged to tell the truth, he was not led to believe that he would gain any advantage by making a confession of the crime. A confession will not be excluded merely because the prisoner was exhorted or urged to speak the truth. (16 Corpus Juris, sec. 1476; *People* v. *Heivner*, 13 Cal. App. 768, [114 Pac. 411].)

[2] The court instructed the jury that if appellant was guilty of burglary at all it was burglary in the first degree, because the evidence was undisputed that the crime was committed in the night-time—"that is, between sundown and sunrise on the second day of June." Of course, what the court meant to say was between sundown on the first day of June and sunrise on the second. The jury was properly instructed as to the degree of the crime, and no harm resulted from the error in the definition of "night-time."

There is no prejudicial error in the record. Judgment and order denying a new trial are affirmed.

Langdon, P. J., and Sturtevant, J., concurred.