[Crim. No. 1466.   First Appellate District, Division One.—June 30, 1928.]

THE PEOPLE, Respondent, v. JOHN TOLLI, Appellant.

Ernest B. D. Spagnoli and Wm. F. Herron for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell, Deputy Attorney-General, for Respondent.

CASHIN, J.—The defendant was charged by an information filed in the superior court of the city and county of San Francisco with the crime of burglary. On the trial he was convicted of burglary in the first degree, and from the judgment entered an appeal was taken to this court.

The evidence shows that the defendant was apprehended in a hardware store in San Francisco while attempting to open a safe with an electric drill. Another safe in the same premises had been previously opened with a drill, and a money box removed therefrom, which was placed near the rear entrance to the store. It was further shown that the defendant was armed with a loaded revolver and that the door of the storeroom had been forced, a padlock thereon broken and the door lifted from the rolls sufficiently to effect an entrance into the building.

It is claimed that the trial court erred in giving and in its refusal to give certain instructions to the jury and that the judgment for this reason should be reversed.

Appellant complains that the following instruction was refused: "You are instructed that no larceny can be committed unless there is an asportation, that is, a taking and carrying away of personal property not the property of the defendant, and that there must also exist an *animus furandi*." The court, however, gave the following instruction, which in every particular material to the issues covered that offered by the defendant: "You cannot convict the defendant of burglary unless you believe to a moral certainty and beyond a reasonable doubt that the defendant when he entered the premises described in the information intended to commit larceny."

The court was also asked to instruct that "If the defendant formed an intent to commit larceny after he entered the premises or the building he cannot be convicted of burglary or of an attempt to commit burglary." This

instruction was also refused, but it was likewise sufficiently covered by two instructions given by the court which were as follows: "If the defendant went into the building and store in question merely to investigate or look about and not with any intent to steal, then you cannot convict the defendant of the offense charged," and "You cannot convict the defendant of burglary unless you believe to a moral certainty and beyond a reasonable doubt that the defendant when he entered the premises described in the information intended to commit larceny."

The following instruction was also refused: "If you believe the evidence warrants it you are at liberty to find the defendant guilty of an attempt to commit burglary of the second degree." In the present case the evidence was such that the defendant must have been acquitted had the jury not been satisfied beyond a reasonable doubt that he was guilty of burglary of the first degree; and, as held in the following cases, it was proper to refuse to instruct as to a lesser offense or degree included within the offense charged where the evidence was of such a nature as to warrant, in the event that the defendant was guilty at all, only a verdict for the higher offense or degree: *People* v. *Swist,* 136 Cal. 520 [69 Pac. 223]; *People* v. *Rogers,* 163 Cal. 476 [126 Pac. 143]. The instruction was properly refused.

Appellant further contends that the motion in arrest of judgment, based upon the claim that the information was insufficient to state a public offense, should have been granted, and assigns as error a statement by the trial court that certain instructions about to be read to the jury were offered by the defendant, that they were to be accepted as the law of the case and as such entitled to the jury's consideration. We find no merit in the first contention, nor in our opinion was the statement complained of prejudicial. (*People* v. *Wilder,* 134 Cal. 182 [66 Pac. 228].) A reading of the evidence shows that the verdict of the jury was fully supported and the record discloses no ground for a reversal of the judgment.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 27, 1928.

All the Justices present concurred.