[Crim. No. 1277.   Third Appellate District.—October 9, 1933.]

THE PEOPLE, Respondent, v. JOHN BRANDON, Appellant.

George E. Foote for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The appellant was convicted of the offense of burglary upon an information filed in the superior court on the sixth day of April, 1933, alleging that on or about the eighth day of March, 1933, in the county of Yolo, the defendant unlawfully, feloniously and burglariously entered a certain dwelling-house belonging to one T. D. Cummins, with the intent to commit larceny.   From the judgment entered upon the verdict of guilty the defendant appeals.

Upon this appeal two points are urged for reversal: 1st. That the evidence is insufficient to sustain the verdict; 2d. That the court erred in the admission of certain testimony.

The record shows that on or about the eighth day of March, 1933, the dwelling-house belonging to Mr. Cummins was entered at 8 o'clock P. M., by the defendant, with the

intent to commit burglary. At about 8 o'clock in the evening a witness by the name of Lester Morris and Mr. Cummins' daughter, who had been out riding, appeared at the Cummins' residence in the city of Woodland. Upon going into the house they heard someone in one of the rooms. Mr. Morris went to the door of the room in question, and found that the door was held or locked from the other side. Miss Cummins went to the telephone to notify the police. At about this time Mr. Morris heard a crash as of a breaking window. He ran out of the house and saw that someone was running therefrom. He pursued this man and succeeded in overtaking him; the man by some means or other stumbled and fell. This man proved to be the person charged as the defendant in this case.. Mr. Morris, upon overtaking the defendant, took charge of him, brought him back to the Cummins' residence, and there turned him over to the police. Upon searching the premises where the defendant had fallen, a number of articles belonging to the different ones who resided in the Cummins' residence were discovered. Upon being taken to the jail, the defendant was questioned, and in the presence of the officers stated how he had entered the Cummins' residence. Mr. Morris testified that he did not lose sight of the defendant from the time he started following him until the defendant was overtaken, where he had stumbled and fallen in the grass, and that there was no other person running in the vicinity. This, in substance, is the testimony.

The contention is made, as we have stated, that the court erred in admitting the defendant's statement as to how he entered the Cummins' residence. An examination of the testimony shows that prior to the statement being made by the defendant he was told by the officers that if he wished to talk it would be best for him to tell the truth. The defendant was not informed that the person with whom he was talking·was an officer, although the officer had arrested him and had taken him to jail.

The contention is here made that the statement made by the defendant as to how he had entered the Cummins' residence was not free and voluntary. This contention is directly negative in the case of *People* v. *O'Brien*, 53 Cal. App. 754 [200 Pac. 766], where it was explicitly held that a confession will not be excluded merely because a prisoner

was exhorted or urged to speak the truth. The rule stated in that case is amply supported by the decisions cited in the opinion.

What we have stated is sufficient to show that the defendant was properly convicted of burglary in the first degree, and there being no other reasons assigned for reversal, it follows that the judgment and order must be and the same are hereby affirmed.

Thompson, J., and Pullen, P. J., concurred.