[Crim. No. 3192. First Dist., Div. Two. Dec. 5, 1956.]

THE PEOPLE, Respondent, v. JOSEPH MONTALBANO, Appellant.

*Assigned by Chairman of Judicial Council.

Joseph Montalbano, in pro. per., and Donald R. Church, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, J. Frank Coakley, District Attorney (Alameda), and Edward Merrill, Deputy District Attorney, for Respondent.

DOOLING, Acting P. J.—Defendant was convicted of burglary of the first degree and, by reason of two prior convictions of burglary, was adjudged an habitual criminal. He appeals from the judgment of conviction and from an order denying his motion for new trial.

Appellant raises no question of the sufficiency of the evidence to support his conviction of burglary. He complains only: (1) that the court erred in instructing the jury that if they should find appellant guilty of burglary such burglary could only be burglary of the first degree and (2) that the court erred in adjudging appellant to be an habitual criminal since such adjudication depended on his conviction of first degree burglary. (Pen. Code, § 644, subd. (a).)

It is well settled that where a crime is divided into degrees the trial court may properly instruct the jury that if they find the defendant guilty they must find him guilty of the higher degree in any case where under the uncontradicted evidence he is guilty of the higher degree if guilty at all. The Supreme Court thus expressed the rule in a homicide case, *People* v. *Alcalde,* 24 Cal.2d 177, 188 [148 P.2d 627] :

"It is proper to refuse to give an instruction as to a lesser degree, or as to an included lesser offense, if the evidence warrants only a verdict of first degree murder in the event the accused is guilty at all."

The same rule has been applied in cases of burglary. (*People* v. *Kruger,* 100 Cal. 523 [35 P. 88] ; *People* v. *Tolli,* 93 Cal.App. 62 [268 P. 1078] ; *People* v. *O'Brien,* 53 Cal.App. 754 [200 P. 766] ; *People* v. *Howard,* 39 Cal.App. 216 [178 P. 865].) Indeed appellant does not dispute this rule, his only contention being that on the evidence presented it was not established without contradiction that the building bur-

626

glarized was inhabited so as to bring the case within Penal Code, section 460, which makes the burglary of "an inhabited dwelling-house or building committed in the night-time" burglary of the first degree.

The burglary was admittedly committed in the night-time, somewhere between midnight and 1 a. m. The record makes it clear that the claim that the building was not inhabited is an afterthought, since appellant's counsel at the trial (not the attorney now representing him, who is acting under appointment by this court) himself developed the fact on cross-examination of a witness for the prosecution, as the following excerpt from the transcript shows:

"Q. Well, Officer, isn't it a fact that there was a lady living in this particular house? A. Yes, sir."

It is futile for appellant's present counsel to argue that this was a conclusion of the witness, since the answer was elicited by appellant's own counsel. Nor did appellant on the trial make any attempt to dispute the fact that the building was inhabited. Rather he confirmed the fact by the following testimony given by himself: "He brought us back to this house, and at that time the lady had been aroused from her bed, I imagine, and she stuck her head out of the window and she confronted, she saw both Gonsior and I with the three arresting Officers, and she pointed to Stanley Gonsior." (Gonsior was associated with appellant in the burglary.)

Since the record shows that the fact that the building was inhabited was developed on the trial by appellant's counsel and there was no contradiction of the evidence to that effect the instruction complained of was proper, and the jury having properly found appellant guilty of burglary of the first degree he was also properly adjudicated an habitual criminal under Penal Code, section 644, subdivision (a).

Judgment and order affirmed.

Kaufman, J., and Draper, J. pro tem.,* concurred.

_____

*Assigned by Chairman of Judicial Council.