Supreme Court—Appellate Division—Second Department.

November, 1901.

THE PEOPLE v. PETER COLLETTA.

(65 App. Div. 570.)

1. TRIAL—INDECENT ASSAULT—STATEMENT OF ACCUSED TO POLICEMAN.

The statement of defendant in reply to an inquiry by the policeman who arrested him for indecently assaulting a child five years of age, that he "was only fooling with the child; I wanted to see what she had, that was all," was admissible upon the subsequent trial for the offense, where there was no proof that the statement was the result either of intimidation or restraint.

2. SAME.

The rule that the assent of a child of tender years is a defense to a charge of indecent assault, has no application to a case where it is shown that the child "hollered" more than once "you hurt me; stop that."

APPEAL by the defendant, Peter Colletta, from a judgment of the Court of Special Sessions of the Peace, Second Division, of the city of New York, in favor of the plaintiff, rendered on the 22d day of April, 1901, convicting him of assault.

John J. Freschi, for the appellant.

William Van Wyck and John F. Clark, for the respondent.

JENKS, J.: The defendant appeals from a judgment of his conviction by the Court of Special Session, of the Second Division, of an assault upon a girl aged five years. The only sub-

stantial points raised on the appeal are (1) that testimony of the defendant's confession or admission was improperly admitted; (2) that indecent assault upon a child of tender years is not punishable by law if it appear that the child assented.

It appears that a policeman testified that after he had arrested the defendant, and while they were going to the station house, he asked the defendant "What in the world has got into you?" and that the defendant said, "Well, I was only fooling with the child; I wanted to see what she had, that was all." There is not the slightest proof to show that the conversation was the result either of intimidation or restraint. The evidence was clearly admissible. Code Crim. Proc., sec. 395; People v. Druse, 103 N. Y. 655; Cox v. People, 80 id. 500; People v. Wentz, 37 id. 303; People v. Chapleau, 121 id. 266; People v. Bennett, 37 id. 117, 133.

It has been held that the assent of a child of tender years is a defense to a charge of indecent assault. The General Term of the Fourth Department so held in People v. Persons, 2 N. Y. Crim. Rep. 114, upon the authority of People v. Bransby, 32 N. Y. 534, and of People ex rel. Engel v. Special Sessions, 18 Hun, 330. See, too, Regina v. Meredith, 8 Carr. & P. 589; Regina v. Banks, Id. 574; Regina v. Martin, 9 id. 213. In Regina v. Cockburn, 3 Cox. Crim. Cas. 543, PATTERSON, J., said: "A child under ten years of age cannot give consent to any criminal intercourse, so as to deprive that intercourse of criminality, but she can give such consent as to render the attempt no assault. We know that child can consent to that which, without such consent, would constitute an assault." In People ex rel. Engel v. Special Sessions, supra, the court, per DANIELS, J., recognized the rule, but said that in the case of a girl under twelve years evidence of positive resistance was not required, and that where a person takes advantage of the ignorance and inexperience of a young girl for the purpose of indecently interfering with her person, and no actual assent is given to the act, an offense is committed. And in Queen v. Lock, L. R. (2 Crown Cas. Res.) 10, the

prisoner was charged with indecent assault upon lads of eight years of age. KELLY, C. B., said that though there was submission, there was not consent, and MARTIN, B., and the other judges concurred. But the rule thus stated has no application to this case, for the uncontradicted testimony is that the child "hollered" more than once "you hurt me; stop that."

The judgment of conviction must be affirmed.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment of conviction affirmed.