[Crim. No. 875.   Department One.—June 11, 1902.]

THE PEOPLE, Respondent, v. JOHN DOE SWIST, Appellant.

CRIMINAL LAW—EVIDENCE—OATH ADMINISTERED TO WITNESS.—Where the form of oath prescribed by section 2094 of the Code of Civil Procedure, as it stood prior to the unconstitutional amendment of March 4, 1901, was administered to the witnesses in a criminal case, with the exception of the invocation for God's help, there is no substantial departure; and false testimony thereunder will constitute perjury.

ID.—WAIVER OF OBJECTION.—Where no objection to the form of the oath was taken at the trial, it cannot be objected upon appeal that the court was without jurisdiction by reason of the form of the oath.

ID.—ASSAULT WITH INTENT TO COMMIT CRIME AGAINST NATURE—COMPETENCY OF CHILD WITNESS—PRELIMINARY EXAMINATION—DISCRETION.—The competency of a young boy six years old as prosecuting witness, upon a charge of an assault with intent to commit the infamous crime against nature, is for the trial court to determine, after a preliminary examination without the hearing of the jury to test his intelligence, and where such examination disclosed his capacity to understand what was done to him, and to relate it truly, the discretion of the trial court cannot be said to have been abused in allowing his testimony.

ID.—FACT OF COMPLAINT OF CHILD—WORDS INADMISSIBLE—ANSWER NOT RESPONSIVE—WAIVER OF OBJECTION — ERROR NOT PREJUDICIAL.—Testimony is admissible to show the fact that the child complained to his mother of what was done by the defendant, but not as to what he said. If, however, a statement was made as to what he said

which was not responsive to the question, and was in violation of the restriction made by the judge and the avowed purpose of the district attorney, it should have been stricken out on motion; but where no such motion was made, the error in admitting it cannot be deemed prejudicial.

ID.—INSTRUCTION AS TO VERDICTS—ASSAULT NOT INCLUDED.—Where the testimony showed either the commission of the offense charged, or that the defendant was not guilty, and there was no evidence relative to a mere assault, an instruction as to the form of verdicts was not improper because not including a verdict of guilty of mere assault.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

A. V. Scanlan, for Appellant.

Tirey L. Ford, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

CHIPMAN, C.—Defendant was convicted of an assault with intent to commit the infamous crime against nature. He appeals from the judgment and from the order denying his motion for a new trial.

1. It is first objected that the court was without jurisdiction, for the reason that the oath administered to the witnesses was in accordance with the provisions of section 2094 of the Code of Civil Procedure, as amended March 4, 1901, since declared by this court to be unconstitutional. (*Lewis* v. *Dunne,* 134 Cal. 291.[1]) Waiving the question whether the point can be raised as ground for a motion for a new trial, we have this to say in reply: The form of oath prescribed by section 2094 is as follows: "You do solemnly swear (or affirm, as the case may be) that the evidence you shall give in this issue (or matter) pending between ——— and ———, shall be the truth, the whole truth, and nothing but the truth, so help you God." The oath administered to the witnesses during the trial was as follows: "You solemnly swear that the evidence you shall give in the issue now pending, wherein the People of the State of California is plaintiff, and John Doe Swist is defendant, will be the truth, the whole truth,

[1] 86 Am. St. Rep. —.

and nothing but the truth.'' Except the invocation for God's help, the form of the oath administered is essentially the same as the form prescribed by the unamended code. No objection was made at the trial to the form used. We do not doubt that false testimony material to the issue given under the form of oath as administered would constitute perjury. In our opinion the two forms of oath are substantially the same.

2. It is next contended that the verdict is contrary to the evidence. This claim rests on the alleged incompetency of the child-victim of the assault, by reason of his youth, without whose testimony there was not sufficient evidence to convict. The prosecuting witness was six years old. He was examined by the judge and by counsel without the hearing of the jury at considerable length to test his intelligence and competency to testify. Nothing short of embodying the entire preliminary examination and the examination before the jury would fairly indicate whether the ruling of the court was correct in allowing the witness to testify. It would too greatly extend the opinion to quote all of this examination. We have given it careful consideration, however, and have reached the conclusion that it was not error to allow the testimony of the boy. It appeared that he had never attended school, and some questions he answered incorrectly which it might reasonably have been expected he would answer correctly, while as to others he showed ordinary intelligence for one of his age, and his answers were so ingenuous and artless as to show entire candor. He seemed to have a very clear perception as to his duty to speak the truth, and not to falsify.

It was held in an early case here, that the competency of a witness is to be determined not by his age, but by the degree of his understanding and knowledge. (*People* v. *Bernal*, 10 Cal. 66; see, also, *People* v. *Craig*, 111 Cal. 469.) Section 1880 of the Code of Civil Procedure declares that it is only children under ten years of age, ''who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly,'' who cannot be witnesses. This boy showed capacity to understand what was done to him and to relate it truly. It has been held here that this section implies that it must appear to the trial

judge that the child is incompetent for the reasons named in the section, and that it is for the trial judge also to determine whether the child has capacity to receive just impressions of the facts and to relate them truly (*People* v. *Craig*, 111 Cal. 469); and it was further held that the determination of the judge "is not a matter of review, any more than is his ruling upon the capacity of an adult who may be offered as a witness"; and it was added: "The fact that the testimony of the child differed from that of other witnesses is not even *prima facie* evidence of his incapacity. Such difference is frequently found in the testimony of adult witnesses." (See, also, *People* v. *Baldwin*, 117 Cal. 244.) We cannot say that the trial court abused the discretion with which it was clothed in this matter.

3. It is urged also that the court erred in permitting the mother of the boy to testify relative to a complaint made by him to her. What occurred was as follows:—

"*Mr. Norton* (deputy district attorney).—Q. State whether or not when the little boy came to you he made any complaint to you?—A. He did.—Q. How soon after he came to you did he make the complaint?—A. Immediately.—Q. What kind of a complaint did he make? (The objection was here interposed.) *Mr. Norton.*—I don't propose to ask for the conversation or the details. I think we are within the line though in asking the question.

"*The Court.*—Objection overruled to the question.

"*Mr. Scanlon* (attorney for defendant).—We will take an exception.

"*The Court.*—I will state to the witness, you must not state anything he said about any person, must not mention any person."

The answer was: "He said somebody . . ." using an expression which would be unintelligible, except for the fact that the prosecuting witness used it on the witness-stand and explained its meaning. The answer was not responsive to the question, and was given in violation of the avowed. purpose of the district attorney and the express caution of the trial judge. It should have been stricken out, and no doubt would have been had defendant made a motion to have the court so order. It was admissible to show that a complaint was made (*People* v. *Figueroa*, 134 Cal. 159; *People* v. *Baldwin*, 117 Cal. 244); and we think it was competent to

show at least that the complaint related to the matter being inquired into, and not a complaint wholly foreign to the subject. The boy had already been permitted to testify without objection to what he told his mother. Counsel for defendant ought to have moved to strike out the answer, and not having done so, and in view of what occurred, we do not think the error such as can be now held prejudicial.

4. It is complained that the court erred in giving the instruction marked XIII. It was a direction to the jury that they could find one of two verdicts, to wit: 1. ". . . an assault with intent to commit the infamous crime against nature"; 2. ". . . not guilty." Defendant claims that the defendant was prosecuted under section 220 of the Penal Code, and that the court has decided that "a simple assault is a necessary element in the offense named in said section 220" (citing *People* v. *Hickey,* 109 Cal. 275).

The evidence tended to show that defendant was guilty of the crime charged, and, as was said in *People* v. *Lopez,* 135 Cal. 23, "if the defendant committed any crime at all it was certainly of greater magnitude than simple assault, and an instruction that the jury might find him guilty of an assault merely would have been entirely unwarranted by the evidence. The instruction as given was proper under the circumstances." (See cases cited in the Lopez case and the cases referred to in those decisions.). It was said in *People* v. *McNutt,* 93 Cal. 658, referring to *People* v. *Madden,* 76 Cal. 521, and other cases, that "these decisions of the court are not in conflict with section 1159 of the Penal Code; for that section contemplates the conviction of a defendant for a lesser offense when the evidence is insufficient to justify a conviction for the greater offense charged."

As to the instruction marked VIII, offered by defendant, we think the court rightly refused it for the reason given by the court, namely, "so far as proper, and not confusing, given elsewhere."

The judgment and order should be affirmed.

Cooper, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.