## STATE v. ALLISON.

On a trial for assault with intent to commit rape upon a female under 18 years, evidence that a few days prior to the alleged offense accused had solicited complainant to allow him intercourse, and taken indecent liberties with her person, was admissible to show the intent with which accused committed the acts forming the gist of the offense.

Excusing the jury while receiving testimony to show the competency of a confession is proper practice.

Where the circumstances create a doubt as to the competency of a confession, it is incumbent on the state to show the same, whether objection is made or not, and this rule is applicable wher-

ever the confession was made to officers while accused was in custody.

Where the evidence is conflicting, leaving in the mind of the court any question as to the competency of a confession, the question of such competency should be submitted to the jury.

That the sheriff stated to accused, before a confession was made by him, "The best thing you can do is to tell the truth, and you might get out of it today," was not such an inducement as to render the confession incompetent.

A finding by the court on conflicting evidence that a confession is competent is binding on the Supreme Court, where not clearly against the weight of testimony.

The mere fact that accused, charged with assault with intent to commit rape upon the person of a female under 18, may have desisted, while a matter to be considered by the jury, is but of light weight as proof, and creates no legal presumption that he did not intend to have intercourse.

A request to charge is rightfully refused where covered by the court's own charge, though in different language.

A female under 18 cannot consent to indecent liberties with her person, accompanied with intent to have intercourse, and thus make that not an assault with intent to rape which would have been such an assault if without her consent.

It is not necessary to assault with intent to commit rape upon a female under 18 that the acts complained of be the use of any actual violence or force, raising physical injury or suffering.

(Opinion filed, Jan. 26, 1910.)

Appeal from Circuit Court, Davison County.   Hon. FRANK B. SMITH, Judge.

Isaac Allison was convicted of an assault with intent to commit rape upon the person of a female under the age of 18 years, and from the judgment of conviction and an order denying a new trial, he appeals.   Affirmed.

*Preston & Hannett,* for appellant.   *S. W. Clark, Atty. Gen., Cloyd D. Sterling, Asst. Atty. Gen.,* and *W. M. Herbert, State's Atty., for* the state.

WHITING, P. J.   Defendant and appellant was convicted in the trial court upon information charging him with an assault with intent to commit rape upon the person of a female under the age of 18 years.   The defendant has appealed to this court from the said judgment of conviction, and from the order of the trial court denying a new trial.

The evidence received on behalf of the state was that of the girl whom defendant was accused of assaulting, and evidence of the sheriff and deputy sheriff relating to an alleged confession made in their hearing to the state's attorney of the county where the offense was alleged to have been committed. It appears the defendant was in the custody of the sheriff at the time of such alleged confession.

The appellant has assigned several alleged errors, which errors, for convenience in discussion, were grouped by counsel for appellant, and may be grouped by us, under four headings.

The first error assigned by the appellant is based upon the admission in evidence of testimony, given by the complaning witness, in relation to acts of the appellant toward such complaining witness, which occurred prior to the offense alleged in the information. This testimony, if believed, would tend to prove that a few days prior to the date of the alleged offense the appellant had solicited the complaining witness to allow him sexual intercourse with her, and had taken certain indecent liberties with her person. The state contends that, in this class of cases, evidence of prior conduct is admissible, where it would tend to show the intent with which defendant com- mitted the acts which form the gist of the charge preferred against him. The state is certainly right in this position; this class of cases forming an exception to the general rule that upon a trial for an alleged offense the commission of another offense cannot be shown. State v. Trusty, 122 Iowa 82, 97 N. W. 989; State v. Carpenter, 124 Iowa 5, 98 N. W. 775; People v. O'Sullivan, 104 N. Y. 481, 10 N. E. 880, 58 Am. Rep. 530.

Before allowing the sheriff and his deputy to testify in rela- tion to the alleged confession, the jury was excused, and the court, in the absence of such jury, received the testimony of the sheriff to show that no threats or inducements were made against or held out to the accused rendering his confession inadmissible. The defendant also testified before the court in the absence of the jury, and it was his claim that the sheriff came to him and told him that the state's attorney wanted to see him and that such state's attorney was going to question him about what he had

been arrested for. The accused further claimed that the sheriff stated: "The best thing you can do is to tell the truth, and you might get out of it to-day." This is the only inducement which the defendant claimed was held out to him, and the sheriff flatly denies making such statement. The jury were then recalled, and, over the objection of the counsel for defendant, the sheriff and his deputy were allowed to testify in relation to the alleged confession. The defendant did not request that the evidence in support of foundation for admission of confessions be given before and submitted to the jury, and no error is claimed because the court did not submit the competency of such confession to the determination of the jury. This court has already held that the excusing of the jury while receiving the testimony to show the competency of a confession is the proper practice; State v. Vey, 21 S. D. 612, 114 N. W. 719. We believe, also ,that wherever the circumstances are such as to create a doubt or suspicion as to the competency of proof of confession, it is incumbent upon the state to offer its proof to show the competency, whether an objection has been made or not, and that this rule may well be applied wherever it appears that such confession was given to the officers of the court while the defendant was in custoday. 3 Encyc .of Evidence, 330; State v. Storms, 113 Iowa 385, 85 N. W. 610, 86 Am. St. Rep. 380; State v. Staley, 14 Minn. 105 (Gil. 75). If the evidence submitted to the court should be conflicting, leaving in the mind of the court any question as to the competency of such confession, then the question of such competency should be submitted to the jury, by recalling the witnesses and examining them on this point in the presence of the jury. It will be noticed from the above quotation, giving the statement of the defendant before the trial court, that all he claimed was said to him to render the confession incompetent was: "The best thing you can do is to tell the truth, and you might get out of it to-day." The rule is laid down in 3 Encyc. of Evidence, at page 308, that mere importunity and advice to tell the truth, whether guilty or innocent, does not render the confession incompetent, where it involves no element of inducement, hope, or fear which might

tend to elicit the confession, and numerous authorities are cited in support of such proposition. In State v. Staley, supra, the defendant claimed that the sheriff made a statement which in its nature, if made, would hold forth to defendant the strongest of inducements to make the confession. The sheriff denied making this statement, but claimed as follows: "I told him if he was going to say anything he must say the truth. * * * I think we all told him everything depended on Edwards being caught, as we believed him the most guilty." The court laid down the rule that, if the testimony of the sheriff was correct, such confession was competent, and that, there being a conflict of testimony, the decision of the court thereon was final; it not being manifestly against the weight of the evidence. In State v. Storms, supra, it was held that an adjuration to tell the truth is not sufficient to justify the rejection of the confession. We can see nothing in the words which the defendant claims were used by the sheriff that could be held to be such an inducement as to render the confession incompetent; furthermore, for the purpose of this appeal, it must be held that the court found with the state on the conflicting testimony, and it not being clearly against the weight of testimony, such finding is binding upon us.

The appellant alleges error in that the court refused to give three instructions asked for by the appellant. The court gave the first instruction in almost the identical language requested by the appellant, and with absolutely no change in its meaning or import. The second instruction requested was as follows: "You are instructed that the assault contemplated in the charge set forth in this information must be manifested by acts which would end in the consummation of the crime of rape but for circumstances independent of the will of the accused; and, although you find from the evidence that the defendant did, at the time charged in the information, take hold of the girl, and attempt to pull her from the horse, or did take liberties with her, yet if he desisted in his attempt to have sexual intercourse with, or abuse her, upon his own volition, without the intervention of circumstances independent of his own will, the law would presume that he did not intend to have sexual intercourse with her." This instruction was

certainly properly refused. While the fact that the party desists in an assault before the consummation of a greater offense might be competent proof in his behalf to be considered, along with the other evidence, to show that the assault was made without a felonious intent, yet it amounts to nothing more than evidence, and would not create a legal presumption. The reason of desisting might be that he became satisfied he could not obtain the consent of the girl. As was well said in People v. Johnson, 131 Cal. 511, 63 Pac. 842: "If the defendant made an assault as charged in the information, with the intent to commit rape, the offense was complete. He could not afterwards purge himself of the crime he had committed by ceasing to continue the attempt." It must be borne in mind that appellant was charged with an assault with intent to commit rape under circumstances making the consent of the other party immaterial. There is no claim that this appellant ever intended, through force and violence, to carnally know the complaining witness against her will, and therefore, as above stated, the mere fact that he may have desisted, while it might be strong evidence in his favor if the charge was assault with intent to commit rape by force and violence, yet, under the charge in this case, while it was a matter to be considered by the jury, it certainly should have but light weight as proof, and creates no legal presumption. The third instruction requested was rightfully refused; it having been given fully by the court, though couched in different language.

The only other assignment goes to the sufficiency of the evidence to sustain the verdict; it being claimed that the evidence fails to show that the assault, if any was committed, was committed with intent to commit the crime of rape. No beneficial purpose would be subserved by detailing the evidence herein. Sufficient is to state that to our minds it conclusively shows that the appellant committed the assault charged, and that it was done with the intent alleged. It shows that the appellant took indecent liberties with the person of the complaining witness, and it is not material whether such liberties were taken against the consent of the complaining witness, as claimed by the state in this case, or whether such liberties were taken with her consent. The

complainant being under 18 years of age could not consent to the acts of accused when they are accompanied with such intent, and thus make that not an assault with intent to rape which would have been such an assault if done without her consent. Neither need the acts complained of be the use of any actual violence or force causing physical injury or suffering. The above propositions were laid down and well considered in Croomes v. Texas, 40 Tex. Cr. R. 672, 51 S. W. 924, 53 S. W. 882; State v. Riseling, 186 Mo. 521, 85 S. W. 372. In the latter case it was said: "As applicable to cases of the character now being considered there must be some physical force put in motion—not that the prose· curtix, who is incapable of consenting, must resist such force, or object to it; but there must be such force in making the assault, together with other circumstances in the case, as will demonstrate the purpose and intent of the party charged to have carnal knowledge of the female under the age of consent." The facts testified to in the Riseling Case are no stronger than in the case at bar, and in that case the court said: "If the testimony of the presecutrix is true, then such acts on the part of the defendant constitute an assault." In State v. West, 39 Minn. 321, 40 N. W. 249, the court held that, inasmuch as a female, under the statutory age was incapable of consenting to carnal intercourse, or at least her consent would be void, any incipient advance in the way of indecent liberties with her person are placed on the same footing with the crime. What would with a female over the statutory age not be a crime would in the case of a child under that age be an assault, because, she being incapable of consenting, the law deems the act to be done without her consent.

The judgment of the trial court and the order denying a new trial are affirmed.