## COURT OF APPEALS.

### January 31, 1922.

### THE PEOPLE v. JOSEPH GIBSON.

(232 N. Y. 458.)

(1) ASSAULT—WHEN CONSENT OF CHILD UNDER SIXTEEN NO DEFENSE FOR ASSAULT ON PROOF OF LECHEROUS HANDLING BY DEFENDANT.

Acts consisting of indecent familiarities, not amounting to sexual intercourse, or an attempt to have sexual intercourse, upon the person of a girl in her fifteenth year with her consent constitute the crime of assault in the third degree.

(2) SAME—IMPAIRMENT OF MORALS OF CHILD A MISDEMEANOR.

An act tending to impair the morals of a child under the age of sixteen years is a misdemeanor and consent of the child is no defense thereto.

(3) SAME.

Nor does the fact that the impairment of a child's morals is an independent offense preclude a prosecution for an assault in the third degree where the child, a consenting party, is debauched by means of lecherous handling by the defendant.

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July

2, 1920, which affirmed a judgment of the Court of General Sessions of the Peace rendered upon a verdict convicting the defendant of the crime of assault in the third degree.

*Frank Wasserman,* for appellant.    There is no evidence in the record on which a conviction of assault in the third degree can be predicated.    (People v. Bransby, 32 N. Y. 525; People v. Persons, 2 N. Y. Cr. Rep. 114; 98 N. Y. 661; People v. Aldrich, 11 N. Y. Supp. 464; People v. Santora, 229 N. Y. 277.)

*Edward Swann, District Attorney (Robert S. Johnstone,* of counsel), for respondent.    The conviction was proper.    There was no error in the charge.    (People v. Colletta, 65 App. Div. 570; 169 N. Y. 609; People v. Persons, 2 N. Y. Cr. Rep. 114; People ex rel. Engel v. Special Sessions, 18 Hun, 330; People v. Bransby, 32 N. Y. 525; Hays v. People, 1 Hill, 351; Singer v. People, 13 Hun, 418; 75 N. Y. 608; Comm. v. Roosnell, 143 Mass. 32; People v. Johnson, 131 Cal. 511; Gibbs v. People, 36 Col. 452; Territory v. Keyes, 5 Dak. 244.)

POUND, J.:

Defendant, a man upwards of eighty years of age, was convicted of assault in the third degree.    (Penal Law, § 244.) The question is whether acts consisting of indecent familiarities, not amounting to sexual intercourse or an attempt to have sexual intercourse, upon the person of a girl in her fifteenth year with her consent constitute the crime of assault in the third degree.    The appeal is on the ground that the trial court, over proper exceptions, erroneously permitted the jury to find that the offense was committed although the consent of the girl was given.    The girl testified to an incomplete act of intercourse for money and with her consent; the defendant denied that he put hands on her.    On the evidence it was concededly doubtful that he was physically capable of sexual penetration

and the charge of rape, second degree, was withdrawn from the jury. The jury was instructed that they might convict of the crime of assault in the second degree if sexual intercourse was attempted or of assault in the third degree if the acts of defendant did not amount to an attempt at such intercourse. This court has never passed directly on the question. In People v. Colletta (65 App. Div. 570; affd., 169 N. Y. 609) the opinion of the Appellate Division discusses it and states the rule to be that the assent of a child of tender years is a defense to a charge of indecent assault, the same as when the complainant is an adult (People v. Bransby, 32 N. Y. 525), but the rule thus stated had no application to the case before the court as on the uncontradicted evidence the child resisted and made an outcry.

The English courts held consistently that when a young girl merely submitted to such familiarities by reason of her ignorance and inexperience it should not be said that she consented, but that consent in fact was a defense to such an assault. (Russell on Crimes [7th ed.], pp. 950, 951; People v. Bransby, supra, and cases cited.) But in the year 1880 Parliament enacted (43 and 44 Vict. ch. 45, § 2), " it shall be no defense to a charge or indictment for an indecent assault on a young person under the age of thirteen to prove that he or she consented to the act of indecency."

Since the year 1895 (Penal Law, § 2010, L. 1895, ch. 460) one who has sexual intercourse with a female, not his wife, under the age of eighteen years with her consent has been guilty of the crime of rape in the second degree.

When the age of consent was fixed at ten years (N. Y. Rev. Stat. [7th ed.], p. 2475) it was held, in accordance with what is now the overwhelming weight of authority in other jurisdictions (Comm. v. Roosnell, 143 Mass. 32; Ross v. State, 16 Wyo. 285, 297, and cases cited), that on a charge of assault in the second degree, assault with intent to commit such a rape: " the assent of such an infant being void as to the principal crime, is equally so in respect to the incipient advances of the

offender. That the infant consented to, or even aided in the prisoner's attempt, cannot, therefore, as in the case of an adult, be alleged in his favor, any more than if he had consummated his purpose." (Hays v. People, 1 Hill, 351; Singer v. People, 13 Hun, 418; affd., 75 N. Y. 608.)

It is urged, however, that when sexual intercourse is not attempted, to speak of an assault upon a child with her consent is a contradiction in terms; that to hold that a girl may not give her consent to a mere indecent handling is in direct negation of the general rule that such an assault must from the nature of things be against her will; that the absence of consent is essential to constitute the crime of indecent assault, except so far as some statute provides that legal consent may not be given or as the child may be so young or immature that consent in form is not consent in fact. (People v. Dong Pok Yip, 164 Cal. 143.)

The intention of the law is to protect unmarried girls from · carnal copulation, such intercourse being fraught with peril to the morals of the community and to the well-being of the individual.

With the age of consent fixed at eighteen years, it may not confidently be stated that all girls under that age do not comprehend what they are doing when they consent to intercourse. The law, however, deals with all and not with individuals. In law, the act of intercourse or the attempt to have intercourse is without their consent and against their will. The State says that they do not consent or that their apparent consent shall be disregarded. It offers resistance for them. It deals with the case as rape, not as a mere statutory offense. A rape with consent is an anomaly. This court has held on an indictment for seduction (Penal Law, § 2175) that the subject of such a rape thereby in fact loses her chaste character. (People v. Nelson, 153 N. Y. 90.) In other jurisdictions it has been held, however, that consent to sexual intercourse by a girl under the statutory age of consent affords no defense to the other

party when sued by her for damages. (Hough v. Iderhoff, 69 Ore. 568; Am. Cas. 1916a, 297 and note.) The policy of the law is clearly defined by statute. Where the act of indecency tends toward the commission of an offense to which consent is no defense, such as a lewd fondling, caressing or embracing not amounting to an attempt to commit the offense, it would seem a sophisticated refinement of terms to say that the assent of the infant is a defense to a criminal charge of assault in the third degree.

To hold that such assent is not a defense is not, however, essential to the decision of this case. The child was under the age of sixteen years. Defendant's act as found by the jury was a public offense because it tended to impair the child's morals. A person who willfully causes the morals of any child under the age of sixteen years to become depraved is guilty of a misdemeanor. (Penal Law, § 483.) Consent is no defense to such a charge. Therefore, the consent of the girl does not exonerate one on the charge of common assault if an assault is otherwise included in such illegal conduct. If she licenses him to corrupt her morals, the license is void and the consent is no defense. The vicious propensities of the child did not excuse the conduct of the accused. That one consents to fight another in a prize fight is no defense to a charge of assault. (Comm. v. Collberg, 119 Mass. 350.) The act is unlawful and so the blows given amount to an assault. The fact that prize fighting is an independent crime (Penal Law, § 1710) does not bar a prosecution for the assault. Nor does the fact that the impairment of a child's morals is an independent offense preclude a prosecution for an assault in the third degree where the child, a consenting party, is debauched by means of lecherous handling by the defendant.

The judgment should be affirmed.

HOGAN, CARDOZO and McLAUGHLIN, JJ., concur; HISCOCK, Ch. J., CRANE and ANDREWS, JJ., dissent.

Judgment affirmed.