STATE OF MAINE

*vs.*

MURIEL RAND AND PHILIP HENRY.

Penobscot.　　　Opinion, January 4, 1934.

*James D. Maxwell*, County Attorney for the State.
*Clinton C. Stevens*, for respondent.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J. This case comes to the Law Court on report. At the April Term, 1933, of the Superior Court in Penobscot County the Grand Jury indicted Muriel Rand and Philip Henry for the crime of arson. At the same term, upon conclusion of the State's evidence, the presiding Justice ordered a verdict of not guilty as to Rand.

The other respondent, Henry, filed a plea in abatement to the indictment, alleging as reasons for abatement the following:

1. "That at the time of the bringing and presentment of the same by the Grand Jurors for the said County of Penobscot he was, and is now, a child under the age of fifteen years."

2. "That the offense and offenses alleged against him in said indictment were not and are not alleged in said indictment to be aggravated, and that he is not a child of a vicious or unruly disposition, has never been such and is not alleged in said indictment to have been such at any time or to be such now."

3. "That judges of municipal courts within their respective jurisdictions have exclusive original jurisdiction over all offenses committed by children under the age of fifteen years which are not and are not alleged to be aggravated or unless committed by children of a vicious or unruly disposition and alleged to be such."

4. "That the alleged offense set out in said indictment was therein alleged to have been committed within the territorial jurisdiction of the Bangor Municipal Court, wherein this proceeding should have been commenced and not in this honorable court."

To the plea in abatement the State filed a general demurrer.

By stipulation in the report, agreement was made "that if the

248

indictment is not good as against him" (meaning Henry), "it is to be quashed as to him; if good as against him, then he is to be placed on his trial."

By the above pleadings an issue of law is raised on admitted facts. The defense is that the indictment is invalid because of lack of jurisdiction in the Superior Court, by reason of provisions of Chapter 241, P. L. 1931, entitled, "An Act to Extend the Jurisdiction of Municipal Courts in Certain Cases." The State's contention is that this Act is inapplicable and, moreover, is unconstitutional.

The issue, then, requires interpretation of this public law, to be followed, if necessary, by decision on its constitutionality.

Its Section 1, with relation to jurisdiction, provides: "Except as hereinafter provided, judges of municipal courts within their respective jurisdictions shall have exclusive original jurisdiction over all offenses committed by children under the age of fifteen years." Is this offense, then, within the "exclusive original jurisdiction" of the Municipal Court, or does it come within the exception stated in the Act? This exception appears in the second paragraph of Section 4 of the Act, and is "Unless the offense is aggravated or the child is of a vicious or unruly disposition no court shall sentence or commit the child to jail, reformatory, or prison, or hold such child for the grand jury."

Is the crime set forth in this indictment, viz., arson, an aggravated offense? If so, it comes within the exception. Arson was defined at common law as the "malicious and wilful burning the house or outhouse of another man. 4Bl. Com., 220, 221." 264 Mass., 378, 380, 162 N. E., 733, 734.

"Arson, as understood at the common law, was a most aggravated felony, and of greater enormity than any other unlawful burning, because it manifested in the perpetrator, a greater recklessness and contempt of human life, than the burning of any other building, and in which no human being was presumed to be." *State* v. *McGowan*, 20 Conn., 245, 247 ; 2 R. C. L., 496, Sec.1.

Arson in this State has been made a statutory crime, and is set forth with varying situations in Sections 1, 2 and 3 of Chapter 130, R. S. 1930. No punishment designated in any of said sections

is less than one year in State's Prison. Sentence may be, depending on which section the indictment is found, anything from one year in State's Prison to life, for Section 1 provides that "Should the life of any person be lost in consequence of any such burning, such offender shall be deemed guilty of murder and punished accordingly."

The severity of the sentence is significant in considering the enormity of the offense as one aggravated or not. Formerly, the crime of arson in this State was punishable by death. R. S .1871, Chap. 119, Sec. 1.

The minimum sentence for arson is one year in the State's Prison. Hence it is a felony by statute and being a felony it is an infamous crime. *State* v. *Vashon*, 123 Me., 412, 123A ., 511.

To aggravate is "to make heavy or heavier; to add to; to increase; also, to load; burden; to make worse or more severe; to render less tolerable or less excusable; to make more offensive; to enhance; to intensify." Webster's New International Dictionary.

Quoting the above definition, counsel for the respondent argues that "it is fair inference to draw from all this that there is a usual norm in the case of each kind of crime as defined by law" and claims that "the same crime may be perpetrated in an aggravated form by other and added circumstances of more than ordinary depravity." Thus, his position is that there is aggravated arson and arson not of an aggravated nature. It may be true that in some cases of arson there is greater turpitude than in others; still, it does not follow, if arson is committed, that in any case it is not an aggravated offense, even if less aggravated than in another. We think that the mere commission of the crime of arson itself is the commission of an aggravated offense.

Some murders are more aggravated crimes than others but would one contend that any murder was not an aggravated crime?

No one can commit the crime of arson without evincing such a degree of depravity and utter disregard of the safety of limb, life and the secured rights of society as to constitute an "aggravated offense" within the meaning of this statute.

We hold, therefore, that arson is in itself an aggravated crime. The learned counsel for the respondent, who is acting in this case only by reason of appointment by the Court, states in his brief

that: "If the Court so holds," (that arson is an aggravated crime) "we have nothing further to say."

The defense also claimed that allegation of aggravation in the indictment was necessary to give the Superior Court jurisdiction.

The charge of arson necessarily carries with it an averment of aggravation. One charged with the crime of arson is sufficiently informed that the offense with which he is charged is of an aggravated nature without specific allegation to that effect.

Furthermore, the Superior Court before the enactment of P. L. 241 had original jurisdiction of the crime of arson, and then it was not necessary to allege aggravation in its commission.

The later passage of this statute, which as construed excepts arson from its embrace, leaves the Superior Court's jurisdiction as to arson as it was previously and in no way changed; and so now there can be no need of such an averment.

Arson, being then an aggravated offense, comes within the exception and of it the Municipal Court by said Act was not given "exclusive original jurisdiction." By the enactment of this law, the Superior Court is not deprived of its jurisdiction as to the crime of arson.

A child under the age of fifteen years may be indicted in the Superior Court for the crime of arson or the Municipal Court on proper process of complaint and warrant may bind the child over to await the action of the grand jury of the Superior Court.

Our interpretation of the Act, as above set forth, makes unnecessary decision upon the question of its constitutionality. "Questions of Constitutional law should not be passed upon unless strictly necessary to a decision of the cause under consideration." *Payne v. Graham*, 118 Me., 251, 255, 107A., 709, 710.

We hold the indictment good, as against the attack of the defense, and in pursuance of the stipulation in the report the entry must be,

*Case remanded for trial*
*of respondent Henry.*