STATE OF CONNECTICUT *v.* CHARLES C. CHICORELLI.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued January 7—decided February 3, 1943.

*Edward Mascolo,* for the appellant (defendant).

*William B. Fitzgerald,* for the appellee (state).

MALTBIE, C. J.  The defendant, convicted on a trial to the court upon five counts of an information charging indecent assault, has appealed upon the ground that upon all the evidence he could not properly have been found guilty. One count was amply supported by the evidence and requires no discussion. The state mainly relied for proof of the offenses charged in the other four counts upon the testimony of the defendant's stepdaughter, sixteen years of age, upon whom the assaults were alleged to have been committed. That testimony contains inconsistencies and suggests circumstances which the court might have regarded as weakening it. On the other hand, the court might have found substantial corroboration in testimony as to statements made by the defendant when examined by police officers. On the whole evidence we cannot hold that the trial court could not properly find that the acts which were the basis of the charges were proved beyond a reasonable doubt. *State* v. *LaLouche,* 116 Conn. 691, 695, 166 Atl. 252; *State* v. *Zimnaruk,* 128 Conn. 124, 126, 20 Atl. (2d) 613.

The defendant further claims that the evidence shows consent on the part of the persons upon whom the assaults were alleged to have been committed. Section 6052 of the General Statutes, under which the defendant was convicted, provides as follows: "Any person who shall commit an indecent assault upon another person shall be imprisoned not more than ten years. . . . It shall be no defense to a complaint under this section that the person assaulted shall consent to the act of violence or to the act of indecency. . . ." This statute was evidently not drawn with a high

regard for legal technicality in the expressions used. The word "assault," for example, was obviously not intended to be given its technical meaning of an offer or threat of violence to the person of another, as distinguished from the actual application of that violence; 5 C. J. 615, § 1; 6 C. J. S. 796, § 1; for it was clearly the intention to include the indecent touching of the body of another; otherwise, there would be little distinction between an offense under this statute and that of lascivious carriage or behavior under § 6231, and no justification for the very much more severe penalty prescribed under § 6052 than under § 6231. There are some cases which hold that there can be no conviction of the crime of indecent assault where a woman above the age of consent does in fact consent to the acts alleged. 5 C. J. 743, § 228; 6 C. J. S. 941, § 90. On the other hand, it has been held that the expressions "committing an indecent assault upon" and "taking indecent liberties with" the person of another are but different ways of stating the same offense, and that consent is no defense. *State* v. *West,* 39 Minn. 321, 322, 40 N. W. 249; *State* v. *Saunders,* 82 Utah 170, 173, 22 Pac. (2d) 1043; *State* v. *Flath,* 59 N. D. 121, 134, 228 N. W. 847. Indeed, in view of the nature of the offense it may well be questioned whether consent would justify a disregard of the invasion of the public welfare and morality of the state which would be caused by the acts forbidden, even in the absence of the statutory provision. *Commonwealth* v. *Collberg,* 119 Mass. 350, 353; *People* v. *Gibson,* 232 N. Y. 458, 462, 134 N. E. 531; 1 Wharton, Criminal Law (12th Ed.), § 182.

We have referred to these authorities for the purpose of showing that there is no such essential "contradiction in terms" between the offense of indecent assault and the provision in the statute that the con-

sent of the person assaulted shall not be a defense, as has been said to exist in a somewhat similar situation. *Smith* v. *State,* 12 Ohio St. 466, 473. That provision was evidently inserted to leave no doubt that consent could not be a defense to a charge of indecent assault. We cannot disregard the plain mandate of the statute.

There is no error.

In this opinion the other judges concurred.