## TAYLOR v. STATE

[No. 184, October Term, 1956.]

*Decided June 26, 1957.*

*Motion for rehearing filed July 25, 1957, denied July 31, 1957; unnecessary to act on petition for stay of mandate filed July 25, 1957.*

158

[redacted]

The cause was argued before BRUNE, C. J., and COLLINS, HAMMOND and PRESCOTT, JJ., and HORNEY, J., Chief Judge of the Second Judicial Circuit, specially assigned.

*William O. E. Sterling* for the appellant.

*Theodore C. Waters, Jr., Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Walter B. Dorsey, State's Attorney for St. Mary's County,* on the brief, for the appellee.

BRUNE, C. J., delivered the opinion of the Court.

The appellant was convicted by the Circuit Court for St. Mary's County under an indictment charging assault "with intent to commit an unnatural sexual act, * * * to wit, Sodomy." No question was raised as to the sufficiency of the indictment and it was conceded that the charge consisted of simple assault.

On the evening of April 30, 1955, State Trooper John E. Koons was patrolling Great Mills Road in St. Mary's County when he noticed the appellant's car turn from the highway onto a small private road. His suspicions aroused, he drove into the private road and pulled up behind the appellant's automobile which was parked there. From this point the Trooper observed the appellant and the prosecuting witness with their heads together on the right front seat of the appellant's car. When the appellant noticed the Trooper's automobile, he moved over under the steering wheel and started to pull away. The Trooper flashed his spotlight on the appellant's car and ordered him to stop. The appellant brought his car to a stop, and obeying the Trooper's order, he and the prosecuting witness got out of the car. The Trooper noticed that the front of the pants of the prosecuting witness was open and that his underwear was showing.

At the trial the appellant denied any improper conduct. According to the prosecuting witness, who was fifteen years old at the time of the offense, he met the appellant at a Leonardtown tavern where the appellant asked him to take a ride with him to get something to eat at a certain restaurant. On the way the appellant drove into the private road, where Trooper Koons followed them, and stopped the car. The appellant then reached over and "unzipped" the prosecuting witness' pants and proposed an act of oral perversion, offering the prosecuting witness money if he would allow him to proceed. The prosecuting witness had previously submitted on several occasions to similar perverted acts on his person by the appellant in return for money. The prosecuting witness clearly offered no resistance to the improper advances by the appellant.

The appellant's main contention is that the consent of the prosecuting witness constituted a defense to the crime charged.

The courts which have dealt with the effect of consent as a defense to a charge of criminal assault have divided criminal assault into two general types. A criminal assault which tends to bring about a breach of the public peace is treated as a crime against the public generally, and therefore the consent of the victim is no defense. On the other hand, a criminal assault which is not accompanied by the threat of serious hurt or breach of the public peace is treated as a crime against the person, and the consent of the person assaulted is held to be a good defense, since the absence of consent is an essential element of the offense. 4 *Am. Jur., Assault and Battery,* Secs. 83, 89; 6 *C. J. S., Assault and Battery,* Sec. 90; Note, 15 L. R. A. 853; *Wharton, Criminal Law,* 12th Ed., vol. 1, Sec. 835; *Russell on Crime,* 10th Ed., Vol. 1, p. 760; *R. v. Donovan* [1934], 2 K.B. 498.

In determining whether or not the offense here charged is of the type first mentioned, which tends to bring about a breach of the public peace, we think that our statutes dealing with the prevention of juvenile crime are pertinent. By Code (1951), Article 26, Sec. 52, the Circuit Courts of most of the Counties of this State, including St. Mary's County, are vested with jurisdiction over juvenile causes and "original,

exclusive jurisdiction to try, subject to the right of trial by jury unless waived, * * * any parent, guardian *or other adult* for any wilful act or omission * * * tending to cause any condition bringing a child within the jurisdiction of the court * * *." (Emphasis supplied.) Sec. 54 of the same Article subjects any adult found guilty of any such act or omission to punishment by fine not exceeding $500 or imprisonment for not more than two years, or both.

The conduct of the prosecuting witness in the present case clearly would subject him to the jurisdiction of the Circuit Court for St. Mary's County as a "delinquent child" under the provisions of Article 26, Secs. 51 and 52 of the Code (1951). Though there is a difference in the age limits for the jurisdiction of a juvenile court in different parts of the State, a fifteen year old boy would fall within the jurisdiction of a juvenile court anywhere in the State. Equally clearly, the conduct of the appellant in inducing this boy to engage in perverted practices would subject him to the punishment provided for in the above sections of Article 26.

In the light of the public policy embodied in these statutes dealing with juvenile delinquency and those who contribute thereto, we conclude that this assault is of a type which constitutes a crime against the public generally, for which the consent of the fifteen year old prosecuting witness affords no defense.

The New York Court of Appeals in *People v. Gibson,* 232 N. Y. 458, 134 N. E. 531, in dealing with a similar problem took a similar view. In that case the defendant was convicted of an assault upon a girl fifteen years of age. It was alleged that the defendant placed his hands upon the victim tending to the provocation of sexual intercourse. The girl freely consented to these acts of the defendant. The court affirmed the conviction in a split decision (4-3) on two grounds. The first was that she was below the age of consent. The second, which is here pertinent, was that since the impairment of a child's morals was a statutory crime, the "Consent is no defense to such a charge." The Court also held that the fact that the impairment of a child's morals was an independent offense did not preclude the prosecution for assault.

This New York decision was cited with approval in *State v. Chicorelli,* 129 Conn. 601, 30 A. 2d 544, 545, where the defendant was convicted under a statute punishing indecent assault and providing that consent of the person assaulted shall not be a defense. The defendant contended on appeal that the absence of consent was an element of an indecent assault, and therefore the statute was contradictory. The Supreme Court of Connecticut, in refuting this contention, commented: "Indeed, in view of the nature of the offense, it may well be questioned whether consent would justify a disregard of the invasion of the public welfare and morality of the state which would be caused by the acts forbidden, even in the absence of the statutory provision."

Our view as to the effect of Sections 51, 52 and 54 of Article 26 of the Code (1951) is not impaired by the absence of any statute declaring an assault with intent to commit sodomy a crime or specifying a penalty therefor. Such an assault was held in *Davis v. State,* 3 Harris & J. 154, to be punishable either at common law or under a local statute, Acts of 1793, Chapter 57, Section 10, formerly in force in Baltimore County, which was held to impose a penalty for such an offense. The majority opinion states that: "As the judgment of the Court may be either at common law, or under the Act of Assembly, the conclusion [of each of the two counts of the indictment] *contra formam statuti,* is not improper; and the crime intended to be committed, being only an aggravation of the assault, it is sufficiently set forth in the manner it is stated." Judge Nicholson concurred in the judgment of the majority, though he disagreed with the reasoning of the majority on another question. Judge Polk dissented without opinion. Section 10 of Chapter 57 of the Acts of 1793 was superseded by Section 4 of Chapter 138 of the Acts of 1809, which does not mention assault with intent to commit sodomy; but the Act of 1809 does not appear to have come into effect prior to the decision of the *Davis* case in 1811 and is not referred to therein.[1] The ques-

---

1. Under Section 49 of Ch. 138 of the Acts of 1809, which was a new criminal code, the operation of the Act was to be suspended

tion of the effectiveness of consent as negativing an assault is the same when the offense is considered as a common-law offense as it would have been under such a statute as Chapter 57 of the Acts of 1793, which made no mention of consent. (We may note in passing that the Acts of 1793, Chapter 57, was never in force in St. Mary's County. This is an additional reason for regarding the statutory change effected by the Acts of 1809, Chapter 138, as of little, if any, significance in the instant case.) We think that our modern statutes dealing with juvenile delinquents and with adults who contribute to their delinquency have established the public policy of this State applicable to this case as making the consent of a child subject to those laws unavailable as a defense to such a charge of assault as is here presented. The sub-title of Article 26 of the Code dealing with "Juvenile Causes", which includes Sections 51, 52 and 54, is applicable to St. Mary's County. There are comparable provisions applicable to each of the Counties exempted from the operation of that sub-title, to the City of Baltimore, which is also exempted, and to Prince George's County, which is not enumerated among the exempted Counties but has a Public Local Law dealing with the subject.[2]

Also, according to a majority of American jurisdictions, the consent of the victim, who is below the age of consent to rape, to an assault with intent to rape is no defense. These de-

---

until after the penitentiary under construction at the time of its passage should be ready to receive prisoners. See *Maxcy's Laws of Maryland* (1811), Vol. 3, p. 479, which appends this note to that Act: "Vide list of crimes and punishments now in force, most of which will be superseded, when this Act shall go into operation." Ch. 57 of the Acts of 1793 was classified in *Dorsey's Laws of Maryland* (1840) as a public local law. See Vol. 1, p. 301, and Vol. 2, p. 1445.

2. See Flack's Public Local Laws of Baltimore (1949 Ed.), Secs. 239 *et seq.*; Code of Public General Laws (1956 Supp.), Art. 26, Secs. 70 E, 70 G, 70 H, relating to Montgomery County; Code of Public Local Laws of Allegany County (1955 Ed.), Secs. 284 *et seq.*; Code of Public Local Laws of Prince George's County (1953 Ed.), Secs. 920 *et seq.*; Laws, 1941 Ch. 526, relating to Washington County.

cisions are generally reasoned on grounds of the public policy objection to consent of these innocent victims providing an excuse for the conduct of such offenders. *State v. Roby,* 194 Iowa 1032, 188 N. W. 709; *People v. Parker,* 74 Cal. App. 540, 241 P. 401; *Murphy v. State,* 120 Ind. 115, 22 N. E. 106; *People v. Goulette,* 82 Mich. 36, 45 N. W. 1124; *State v. Allison,* 24 S. D. 622, 124 N. W. 747; Note, 81 *A. L. R.* 599.

In so holding that consent in this case is no defense to the charge of assault with intent to commit an unnatural sexual act, we realize that there are contrary decisions. *McDermett v. United States* (D. C. Mun. App.), 98 A. 2d 287; *Commonwealth v. Shrodes,* 354 Pa. 70, 46 A. 2d 483. We find the reasoning of *People v. Gibson, supra,* more persuasive.

The appellant further contends that he was convicted on the uncorroborated testimony of the prosecuting witness who freely consented to his acts. Without deciding whether the prosecuting witness was an accomplice under the holdings in *Gregoire v. State,* 211 Md. 514, 128 A. 2d 243, *Coleman v. State,* 209 Md. 379, 121 A. 2d 254, *Watson v. State,* 208 Md. 210, 117 A. 2d 549, and the cases there cited, there was abundant corroborating testimony provided by State Trooper Koons. He testified that when he pulled up behind the appellant's car he saw the heads of both parties together on the right side of the automobile; that when the appellant noticed the Trooper's car pulling up he attempted to escape; and that the prosecuting witness' clothes were in the state of disarray already described when he got out of the appellant's car. All these facts tend to support the prosecuting witness' version of what occurred, and we consider them ample corroboration.

*Judgment affirmed, with costs.*

HORNEY, J., delivered the following dissenting opinion.

The majority opinion of this Court, affirming the conviction of the appellant, is based on the theory that the public policy of this State as embodied in the "juvenile causes" statutes dealing with juvenile delinquency, and those who contribute thereto, is such as to justify a finding that the assault with

intent to commit an unnatural or perverted sexual act, is of the type of assaults which constitutes a crime against the public generally, to which the consent of the victim is not a defense.

I agree with the majority that the fifteen-year-old prosecuting witness, as well as the appellant, could have been proceeded against in the Juvenile Court of St. Mary's County. But I cannot agree that the judgment should be affirmed. Even if the juvenile causes statutes have established a cognizable public policy relating to the care and treatment of delinquent children, and the punishment of those who "contribute" to such delinquency, which I do not deny, still there is one aspect of such policy which is an insurmountable barrier to that desirable end in this case. So far as the age when juvenile courts cease to have jurisdiction over juveniles is concerned, the policy is not uniform throughout the State. The jurisdictional age limit in Baltimore City is fixed at sixteen years. In the counties it is eighteen years. Therefore, it is my belief that the controlling decision in this case has in effect established different ages when juvenile delinquents could consent to an assault with intent to commit sodomy or an unnatural or perverted sexual act, depending on where the unlawful act takes place. In the city the "age of consent" would be sixteen. Elsewhere in the State the "age of consent" would be eighteen. This creates an anomalous situation, which is untenable.

For the aforegoing and other reasons, I have an abiding conviction that the assault charged, as despicable as it may be, is of the type which does not concern the peace and dignity of the State in that the assault was not accompanied by the threat of serious injury or wrong. Such offenses are primarily considered to be crimes against the person, to which the consent of the person wronged is a complete defense. Assaults of this type, often referred to as indecent assaults, which is a collective term used to describe them, include an assault with intent to rape, *Commonwealth v. Shrodes,* 354 Pa. 70, 46 A. 2d 483; an assault by taking indecent liberties with an adult woman of sound mind, *Commonwealth v. Kendall,* 113 Mass. 210; an assault by a homo-

sexual touching the genitals of another man, *McDermett v. United States* (D. C. Mun. App.), 98 A. 2d 287; and an assault with intent to commit sodomy, *People v. Hickey,* 109 Cal. 275, 41 P. 1027.

An assault with intent to commit sodomy or an unnatural or perverted sexual act is, in one sense, merely a form of attempt and as such is indictable as a common law offense, but in the absence of a specific statutory provision making an assault with intent to commit such crimes *aggravated* assaults, there is no doubt that the words in the indictment "with intent * * * to commit an unnatural sexual act * * *, to wit: sodomy," do not increase the enormity of the assault charged. See *State v. Rand,* 132 Me. 246, 169 A. 898. In fact it was conceded at the argument on appeal that the words connoting an intention to commit an unnatural or perverted sexual act, as well as an assault, did not raise the grade of the offense charged above that of *simple assault.*

At common law the consent of the one assaulted to the act complained of prevents the perverse act from amounting to an assault, and, in fact constitutes a defense. This is so because courts treat the absence of consent as an essential element of the offense. See *People v. Dong Pok Yip,* 164 Cal. 143, 127 P. 1031, and *Liebscher v. State,* 69 Neb. 395, 95 N. W. 870.

Unlike rape, sodomy or an unnatural or perverted sexual act may be committed between two persons both of whom consent, and, regardless of which is the aggressor, both may be prosecuted, but in *People v. Hickey, supra,* the Supreme Court of California, in the course of interpreting the California penal statute concerning the crime of sodomy, held that because *simple assault* is a necessary element of the offense of assault with intent to commit the crime of sodomy with or upon a human being, *consent* is a defense to a prosecution for assault with intent to commit the additional offense as well as simple assault. See also *People v. Swist,* 136 Cal. 520, 69 P. 223, and *People v. Oates,* 142 Cal. 12, 75 P. 337.

Of course, consent to bar a conviction must have been freely given by a person capable of consenting. Consent to a criminal assault by a person who is either so young or men-

tally deficient as to be incapable of comprehending the nature of the act, is no consent at all. *Beausoliel v. United States* (C. A., D. C.), 107 F. 2d 292; *People v. Conklin,* 122 Cal. App. 83, 10 P. 2d 98. For this reason the age and mentality of the subject of an indecent assault should always be considered in determining the presence or absence of consent. *People v. Dong Pok Yip, supra; Gregoire v. State,* 211 Md. 514, 128 A. 2d 243.

Some courts, under some circumstances, have gone even further, such as the New York Court of Appeals did in *People v. Gibson,* 232 N. Y. 458, 134 N. E. 531, relied on by the majority, in which the defendant was convicted of an indecent assault upon a fifteen-year-old girl, who had freely consented, when it held, by a four-three decision, that the assault concerned a breach of the public peace because the impairment of a child's morals was a statutory misdemeanor. The split decision in that case was obviously the result of a consideration of the effect of the New York statute concerning morals of children. This State does not have a comparable *criminal* statute.

The decision in the *Gibson* case, *supra,* was cited with approval in *State v. Chicorelli,* 129 Conn. 601, 30 A. 2d 544, also relied on by the majority, in which the defendant was convicted of an indecent assault on a woman under a statute which provided that consent was not a defense to such assaults. In that case, in which some doubt was expressed by the Supreme Court of Connecticut, in view of the nature of the offense, whether consent would justify a disregard of the invasion of the public welfare and morality even in the absence of the statutory provision, it appears, nevertheless, that the Court based its decision on the clear mandate of the Connecticut statute proscribing consent as a defense in indecent assault cases. There is no such *criminal* statute in this State.

Although a majority of the courts in this country have held that the consent of a victim to an assault with intent to rape is no defense when the child assaulted is below the age she can consent to "statutory" rape or carnal knowledge, such decisions, as was the result in the *Gibson* case, *supra,* are generally based on the theory that public policy frowns

upon the consent of an innocent victim to such indecent assaults.  See *State v. Roby,* 194 Iowa 1032, 188 N. W. 709, and other cases on this point cited in the majority opinion. In this State, the public policy on this subject has been settled by legislative enactment.  Code, 1951, Article 27, Section 14, specifically provides that "* * * an assault with intent to have carnal knowledge of a female child under the age of 14 years" shall be a felony.  On the other hand, the dictum in the *Chicorelli* case, *supra,* to the effect that it may be questionable whether consent to an indecent assault would justify a disregard of the invasion of the morals and general welfare of the public, even in the absence of a statutory policy on the question, which is primarily a legislative and not a judicial function, is clearly not the public policy of this State.  Other than the juvenile causes statutes, which are not pertinent here for the reason stated, I am unaware of any policy on the matter in this State.  Ordinarily, a policy is not recognized as public unless it is derived or derivable by clear implication from the established law of the state as found in its Constitution, its laws, or its judicial decisions.  *Alderman v. Alderman,* 178 S. C. 9, 181 S. E. 897; *People v. Hawkins,* 157 N. Y. 1, 12, 51 N. E. 257.

In my opinion this Court should follow the rule laid down in the *Hickey* case, *supra,* to the effect that—*consent is a defense to simple assault—simple assault is an element of assault with intent to commit an unnatural or perverted sexual act —consent is a defense to the assault to commit the additional offense as well as to simple assault*—subject, of course, to a consideration of the age and mentality of the person wronged to determine the presence or absence of consent.

There is no doubt that the prosecuting witness did in fact consent to the assault charged in the indictment, and I think it is clear that at the time he consented he was perfectly capable of consenting.  I also think that the distinction between this prosecuting witness and the prosecuting witnesses in the *Gregoire* case, *supra,* is too clear to require comment. The prosecuting witness in this case was a person of sufficient age and mentality to make an intelligent choice to do the act proposed by his assaulter.  *Gregoire v. State, supra; People*

168

*v. Dong Pok Yip, supra.* Having consented, an essential element of the crime was lacking, and such consent constituted a defense.

It is my belief that the trial court should have granted the motion for a directed verdict of "not guilty", pursuant to Rule 7 (b), now Rule 738 a, (Directed Verdict—At Close of State's Evidence), for the reason that the evidence was insufficient to sustain the appellant's conviction of the offense charged in the indictment.