Bell, J.
No question is raised herein concerning the adequacy of proof of the taking of indecent and improper liberties with the person of the complaining witness, a 13-year-old girl.
The only question raised so far as the substance of the statute is concerned is whether an assault, in the classic sense of a threat of physical injury coupled with a present ability to inflict the same, is a necessary element of a violation of that portion of the above-quoted statute. For the purpose of this decision, it may be conceded that the acts giving rise to the indictment were committed with the consent of the complaining witness and without the infliction of force or fear.
In arguing that proof of an assault is a necessary element of the offense here charged, defendant relies upon the decisions of this court in Smith v. State, 12 Ohio St., 466, 80 Am. Dec., 355, and O’Meara v. State, 17 Ohio St., 515, to the effect that an attempt by a male person of the age of 17 years and upward to carnally know and abuse a female child under the age of ten years, with her consent, is not indictable as an assault with intent to commit a rape.
The statute involved in those decisions reads :
“That if any person shall assault another, with intent to commit a murder, rape or robbery upon the person so assaulted, every person so offending, shall be deemed guilty of a. misdemeanor * *
The Smith and O’Meara eases were decided in 1861 and 1867, respectively. Since those decisions, the General Assembly has determined the statutory age of consent in Ohio to be 16 *42 years and has prescribed penalties for an attempt to carnally know and abuse a female under 16 with her consent (Section 2905.04, Revised Code) and for carnally knowing and abusing a female under 16 with her consent (Section 2905.03, Revised Code). Whatever, if any, force remains in the decisions of the Smith and O’Meara cases (see footnote 3, State v. Daniels, 169 Ohio St., 87, 93, 157 N. E. [2d], 736), we do not consider them controlling in the interpretation of a statute enacted more than 50 years later and dealing with the taking of indecent liberties rather than murder, robbery and rape.
Technically, the word, “assault,” as used in the statute under consideration may, of course, be construed in its classic definition, thus requiring the proof of an actual threat to do harm coupled with a present ability to do it. To do so, however, would tend to render impotent the protective arm that the demands of an enlightened society have caused to be placed around those of tender years.
In People v. Gibson, 232 N. Y., 458, 134 N. E., 531, reviewing the conviction of an 80-year-old man on a charge of assault in the third degree, where a 15-year-old girl testified to an incomplete act of intercourse for money and with her consent, the following words of Judge Pound, although pertinent to a statute different in terms from the one under consideration here, are nonetheless worthy of note in this discussion:
“Where the act of indecency tends toward the commission of an offense to which consent is no defense (e. g., statutory rape), such as lewd fondling, caressing, or embracing not amounting to an attempt to commit the offense, it would seem a sophisticated refinement of terms to say that the assent of the infant is a defense to a criminal charge of assault in the third degree.”
In countering the argument that the offense should have been considered as an aiding or abetting of delinquency (the same argument made herein by the defendant), Judge Pound continued:'
“Nor does the fact that the impairment of a child’s morals is an independent offense preclude a prosecution for an assault in the third degree where the child, a consenting party, is debauched by means of lecherous handling by the defendant. ’ ’
*43 In commenting upon the nature of the protection given to young boys and girls by the statute here under consideration, Judge Doyle in State v. Rudy, 101 Ohio App., 241, 139 N. E. (2d), 81, said:
“The law was directed at homosexuals who would assault children of either sex, as well as against anyone else over the age of 18 who would take such liberties with the person of a child under the age of 16 years by assault as the common sense of society would regard as indecent, indelicate and improper.”
And it is interesting to note that in the review of the Rudy case by this court (162 Ohio St., 362, 123 N. E. [2d], 426), although the question of the necessity of proof of assault was not raised, the syllabus of that case begins with the words, ‘ ‘ Section 12423-1', General Code (Section 2903.01 of the Revised Code), which defines felonious assault * * *.”
It was unquestionably the intention of the General Assembly to protect young people, both male and female, from their own curiosity and from the improper and indecent advances by more mature persons, whether those advances are in the form of taking indecent liberties with the person of the child or in the form of indecent exposures of the person of the adult. To permit one to escape the consequences of his act by requiring proof of an actual assault would tend to destroy the prophylactic effect of the statute. We are of the opinion that the act of taking indecent and improper liberties with the person of a child under 16 by a person over 18 constitutes, in and of itself, the felonious assault which is defined in Section 2903.01, Revised Code.
The defendant has raised a question concerning the propriety of testimony given on behalf of the state in rebuttal concerning the giving of a lie detector or polygraph test to the defendant. We have read the record of this testimony resulting from a question raised by the defendant himself during the course of the trial, and we find nothing in it prejudicial to the defendant.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias, Herbert and Peck, JJ., concur.
Taft, J., dissents.