STATE, Plaintiff-Appellee, v. GREEN, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4198.   Decided October 8, 1948.

Ralph J. Bartlett, Pros. Atty., Henry L. Holden, Asst. Pros. Atty., Columbus for plaintiff-appellee.

Joseph E. Bowman, Columbus, for defendant-appellant.

**OPINION**

By HORNBECK, J.

Defendant was indicted for, tried and convicted of the violation of §12423-1 GC.   Trial was had to a Judge, jury waived.   At the conclusion of the testimony of the State the defendant demurred to the evidence.

It is the claim of the appellant that an assault is an essential to the offense charged and that the evidence does not establish proof of an assault.

The indictment charges that,

"The defendant, being a male person over the age of eighteen years did unlawfully assault Joan Dillard, a female child then and there being under the age of sixteen years and wilfully ·and unlawfully made improper exposures of his person in the presence of said Joan Dillard, he, said Norman Green, then and there not committing or intending to commit the crime of rape upon said Joan Dillard."

There is uncontradicted proof of the wilful and unlawful exposure of the person of the defendant in the presence of the female child. The occurrence took place in a movie theater. The defendant was seated in the first row immediately in front of the prosecuting witness who was seated in the second row. The defendant said to the child, "Uncross your legs and I will give you a quarter" . She complied with the request and told the defendant that she had done so. He then said to her, "I'll bet you have on white panties". She then became frightened and, when he began the exposure of his person, left the theater.

Eminent counsel for the appellant urges with much force that assault is essential to the commission of the offense charged in the section under consideration, §12423-1 GC:

"Whoever, being a male person over the age of eighteen years, shall assault a child under the age of sixteen years, (1) and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon said child, (2) or wilfully make improper exposure of his person in the presence of such child, shall be deemed guilty of felonious assault." (Numbering ours.)

It is manifest that there are two acts, either of which constitutes the offense defined in the section, (1) taking indecent and improper liberties with the person of a female child under the age of sixteen; and, (2) wilfully making improper exposures of the person in the presence of such child. However, it is common to both acts that there be a person over the age of eighteen years who is the actor and a child under the age of sixteen years against whom the act is committed. As to the first offense, it is patent that it is also required that there be an assault made upon the child under sixteen and that it be made without committing or

intending to commit the crime of rape upon such child, which latter essential makes it requisite that the child upon whom the assault is committed shall be a female.

If the first part of the section, beginning "Whoever" and ending with "sixteen years" is common to both offenses, then it also follows that assault is a concomitant of the second offense, namely, a wilful exposure of the person. There is no reported adjudication on this question but an examination of standard works on Criminal Procedure discloses that all of them incorporate the element of assault in the form of indictment prepared to charge the offense here considered. Baldwin's Criminal Practice Manual, Form No. 44; Schneider's Criminal Code, Form 132, page 880. Likewise the indictment in this prosecution includes the element of assault. The prosecutor in his brief concedes that it is necessary under this indictment to charge and prove that the act charged was done without committing or intending to commit the crime of rape upon the child, but urges that assault is not an element. The concession is not under consideration.

We have had considerable difficulty with the question and it is not free from doubt.

We have finally come to the opinion that a proper construction of the language of the statute is that assault is not a requisite element of the offense here charged.

The section providing, "Whoever being a person over the age of eighteen years shall assault a child under the age of sixteen years", continues and defines the offense when the accused takes indecent and improper liberties with the person of the child under the age of sixteen without committing or intending to commit the crime of rape upon such child. Then follows, "or wilfully make improper exposure of his person in the presence of such child, * * *." (Emphasis ours.) The pronoun, "his", probably used as an adjective, modifies "person" and means the "person over the age of eighteen years" named in the first part of the section, and the adjective "such" modifies "child", meaning the "child under the age of sixteen years" mentioned in the first part of the section. The word "assault" is not carried into the language of the latter part of the section and therefore, in our judgment, is not an essential of the offense there stated.

The word "assault" in the section seems to be surplusage, both as to the first and the second parts thereof. In the first part, manifestly when a person takes indecent and improper liberties with the person of a child that is a battery which is inclusive of an assault. As to the second part of the section, it is entirely contrary to the offense there defined to couple it with an assault.

If the language of the section requires it, it was within the power of the Legislature to incorporate assault as an element of the second offense. But it is not reasonable to assume that it intended to create an offense of the wilful and improper exposure of the person in the presence of another and require the further element of an assault on that person.

Although no reported case has come to our attention which involves the narrow question here presented, we have learned of another case arising in Lucas County, State v. Northrup, in which the indictment was drawn under §12423-1 GC, as the section appeared, effective June 16, 1921, 109 O. L. 45, identical in language with the present statute except that it then required that the assault be made upon a female child under the age of fourteen years. The indictment in the Northrup case was for wilful and unlawful improper exposures of the person of the accused, a male, over the age of eighteen years in the presence of persons under the age of fourteen years. The indictment did not allege an assault. Conviction was had and appeal taken to the Lucas County Appellate Court, Sixth District, and there, as in the Trial Court, it was urged it was essential to the conviction that an assault be charged in the indictment and proven. The Court unanimously affirmed the judgment, but without opinion, and thereby determined that assault was not a material element of the offense charged. Thereafter, motion for leave to appeal was denied by the Supreme Court of date, June 5, 1946.

If we should be in error in our construction of the statute, we examine the next question, namely, does the evidence rule out any proper finding of an assault?

In Ohio, assault is not defined by statute except as it is included in §12423 GC, defining assault and battery.

"Whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, shall be fined * * * or imprisoned, or both."

Assault is commonly defined as,

"Any unlawful offer or attempt to injure another with apparent present ability to effectuate the attempt under circumstances creating a fear of imminent peril."

6 C. J. S. 796.

"It is an act done toward the commission of a battery, immediately preceding the battery, when the next movement would, at least to all appearances, complete the battery."

Fox v. State, 34 Oh St 377.

"It is a menacing or threatening another without touching his person."

State v. Strouthers, 7 O. N. P. 228; State v. Pate, 7 O. N. P. 543. If the defendant had touched the person of the child under the circumstances appearing, it clearly would have been a battery. When he offered the quarter to the girl if she uncrossed her legs, he tapped it on the back of his seat in the theater. He was in such proximity as that he could have touched her. She was put in fear as is manifest by her subsequent conduct. In the absence of an express conclusion appearing in the record that the Trial Judge did not find assault established we cannot say that it was not a permissible finding under the undisputed evidence.

The judgment will be affirmed.

WISEMAN, PJ, and MILLER, J, concur.