THE STATE OF OHIO, APPELLEE, *v.* THEISEN, APPELLANT.

(No. 646—Decided April 13, 1953.)

*Mr. Herbert R. Freeman,* prosecuting attorney, for appellee.

*Messrs. Miller & Miller,* for appellant.

FESS, J. This is an appeal on questions of law from a judgment of a court composed of three judges, finding the defendant guilty of wilfully making improper exposure of his person in the presence of a child under the age of 16 years and by so doing committing a felonious assault upon her. The defendant was committed to Lima State Hospital for examination and report.

The principal error assigned upon this appeal is that the evidence fails to disclose any act done toward

the commission of a battery (*Fox* v. *State*, 34 Ohio St., 377), or the menacing or threatening of another, without touching the person.

Section 12423, General Code, provides:

"Whoever unlawfully assaults or threatens another in a menacing manner, or unlawfully strikes or wounds another, shall be fined * * *."

No distinction is made between assault and assault and battery by the statute, so far as the penalty is concerned. Decisions, however, make it clear that an assault is an unlawful offer or attempt coupled with present ability to inflict an injury upon the person of another, or the threatening of another in a menacing manner, without necessarily touching his person.

Section 13032, General Code, provides:

"Whoever, being eighteen years of age or over, wilfully makes an indecent exposure of his person in a public place or in a place where there are other persons to be offended or annoyed thereby, or utters obscene or licentious language in the presence or hearing of a female, shall be fined not more than two hundred dollars or imprisoned not more than six months, or both."

Neither force nor threat is included as an element of the offense. In the title of the sections dealing with assault and battery and indecent exposure, the offense is named, but the name of the offense is not recited in the language of the sections. Simple assault and indecent exposure in a public place are misdemeanors, but in 1921, Section 12423-1, General Code, was enacted, and, as amended in 1946, provides:

"Whoever, being a person over the age of eighteen years shall assault a child under the age of sixteen years, and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or wilfully make improper exposures of his

person in the presence of such child, shall be deemed guilty of felonious assault, and on conviction thereof shall be fined not less than one hundred dollars nor more than one thousand dollars or imprisoned in the penitentiary not less than one year nor more than ten years or both such fine and imprisonment in the discretion of the court."

This section denounces as a felony (1) wilfully taking indecent and improper liberties with the person of a child under the age of sixteen years, and (2) wilfully making "improper exposures of his person" in the presence of such child. The section designated the offense as "felonious assault." In its wisdom, the Legislature evidently regarded indecent exposure in the presence of a child as a more heinous offense than an assault or indecent exposure in a public place. What the Legislature may have called the offense does not detract from the plain language of the statute, and the designation of the crime is immaterial in construing the legislative intent. The words, "shall be deemed guilty of felonious assault, and on conviction thereof," could be stricken from the section without impairing its force and effect. The use of the term, "felonious assault," neither adds nor detracts from the offense. Therefore, it is concluded that upon proof beyond a reasonable doubt that an accused made improper exposure of his person in the presence of a child under 16 years of age, he may be fined or imprisoned as provided by the statute, regardless of proof of any additional overt act.

Since we find no error prejudicial to the defendant, the judgment is affirmed, and the cause is remanded to the Common Pleas Court for further proceedings.

*Judgment affirmed.*

Conn and Deeds, JJ., concur.