The State of Ohio, Appellee, v. Rudy, Appellant.*

(No. 4422—Decided February 24, 1954.)

*Mr. Alva J. Russell,* prosecuting attorney, and *Mr. Edward A. Krutel,* for appellee.
*Mr. Don Isham,* for appellant.

Doyle, P. J. This is an appeal from a judgment of conviction of the violation of Section 12423-1, General Code (now Section 2903.01, Revised Code).

The indictment charged the following:

"* * * Harold Rudy, in the county of Summit and state of Ohio* * *, on the 1st day of February * * * (1953), then and there being a male person over the age of eighteen years, did unlawfully assault Thomas Coe, a child then and there being under the age of sixteen years, and wilfully and unlawfully did take indecent and improper liberties with the person of said Thomas Coe, he, said Harold Rudy, then and there not committing or intending to commit the crime of rape upon said Thomas Coe, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio."

The statute (Section 12423-1, General Code; now Section 2903.01, Revised Code) was in the following words and phrases:

"Whoever, being a person over the age of eighteen years

---

*Judgment affirmed, 162 Ohio St., 362.

shall assault a child under the age of sixteen years, and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or wilfully make improper exposures of his person in the presence of such child, shall be deemed guilty of felonious assault, and on conviction thereof shall be fined not less than one hundred dollars nor more than one thousand dollars or imprisoned in the penitentiary not less than one year nor more than ten years or both such fine and imprisonment in the discretion of the court.''

While there are several assignments of error, the main one is directed to the claim of the defendant that the statute upon which the indictment is based applies only to the assault of, and the taking of indecent and improper liberties with, the person of a female child under the age of sixteen years, whereas the assaulted child named in the indictment was a boy.

In consideration of the question involved, we must keep within the bounds of the following rule set forth in 2 Sutherland on Statutory Construction (2 Ed.), Section 520, quoted in *State* v. *Fremont Lodge of Loyal Order of Moose,* 151 Ohio St., 19, at pp. 25-26, 84 N. E. (2d), 498:

''That penal statutes are to be strictly construed has become a maxim of the law, affirmed and illustrated by innumerable cases. * * * Nothing is to be regarded as included within them that is not within their letter as well as their spirit; nothing that is not clearly and intelligibly described in the very words of the statute, as well as manifestly intended by the Legislature.''

The statute involved became effective on January 1, 1946. It took the place of a repealed statute which was in identical language in so far as the offense was stated, except only that the child assaulted was required to be a female child under the age of fourteen years, and the violator was required to be a male person over the age of eighteen years. It thus appears that the Legislature deleted the word ''female'' and retained the word ''child,'' and deleted the word ''male'' and retained the word ''person.''

The former statute read:

"Whoever, being a male person over the age of eighteen years shall assault a female child under the age of fourteen years, and shall wilfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or wilfully make improper exposures of his person in the presence of such child, shall be deemed guilty of felonious assault, and on conviction thereof shall be fined not more than one thousand dollars, or imprisoned in the penitentiary not more than ten years, or both such fine and imprisonment, in the discretion of the court."

With the old and new statutes in mind, we first approach the legislative intent. It appears obvious, we think, that the Legislature, by re-enacting a statute on the same subject, did not intend to change generally the effect of the law as it existed prior to the repeal, but only intended to change the effect and operation of the statute to the extent of the change in language. By deleting the modifying word "female" and retaining the word "child," and by deleting the modifying word "male" and retaining the word "person," it appears that the Legislature intended that any person over eighteen years of age, whether male or female, who shall assault a child, whether male or female, under the age of sixteen, and who shall wilfully take indecent and improper liberties with the person of such child, shall be deemed guilty of felonious assault. The insertion of the phrase "without committing or intending to commit the crime of rape upon such child" was intended only as a limitation on the scope of the legislation, if the sex of the participants brought the offense within the boundaries of the crime of rape or assault with intent to rape. The law was directed at homosexuals who would assault children of either sex, as well as against anyone else over the age of eighteen who would take such liberties with the person of a child under the age of sixteen years by assault as the common sense of society would regard as indecent, indelicate and improper.

A discussion of the phrase "wilfully make improper exposures of his person in the presence of such child," which is also made an offense under the statutes, is unnecessary. The case under consideration does not involve the question.

We are entirely conscious of the fact that the statute, as written, is not a model of clarity. However, as stated by the author of this opinion in *State* v. *Brunswick*, 71 Ohio App., 101, at p. 103, 47 N. E. (2d), 916: "It is axiomatic * * * that a sentence or paragraph contained in a statute cannot be analyzed with reference to some preconceived pattern in the mind of the reader. It must be analyzed with reference to that which the author attempted to define." We believe the Legislature intended that the act should apply to homosexuals (erotism for one of the same sex), as well as to other persons of either sex who resort to the indecencies condemned upon children of either sex under sixteen years of age. We further believe that our construction of the statute does not violate the rule set out above from Sutherland on Statutory Construction.

Attention has been directed to *State* v. *Green,* 84 Ohio App., 298, 82 N. E. (2d), 105, in which the same statute which now concerns this court was under consideration. While the author of the opinion in that case construed the statute to apply to a female child only, that question was not actually before the court, because the "child" in that case was a female child.

In consideration of the errors assigned, we find none to be of a prejudicial character.

*Judgment affirmed.*

HUNSICKER and HURD, JJ., concur.

HURD, P. J., of the Eighth Appellate District, sitting by designation in the Seventh Appellate District.