The State of Ohio, Appellee, *v.* Webb, Appellant.*

(No. 6817—Decided January 16, 1962.)

*Mr. Earl W. Allison,* prosecuting attorney and *Mr. David E. Tingley,* for appellee.

*Mr. David E. Morgan,* for appellant.

Bryant, J. This is an appeal by Robert E. Webb from his conviction under an indictment brought by the state of Ohio, charging that he violated the provisions of Section 2903.01, Revised Code, defining and penalizing felonious assault.

Webb was tried before a judge and jury in the Court of Common Pleas of Franklin County. The jury returned a verdict finding Webb guilty of the charge, after which the trial court, acting pursuant to Section 2947.25, Revised Code, committed Webb to the Lima State Hospital for a mental examination. At the conclusion of the examination, the Superintendent of the Lima State Hospital reported to the trial court the findings of the psychiatrists, who examined Webb, that Webb was not mentally ill nor a mentally deficient offender, but was a psychopathic offender. Webb was again brought before the trial court for a hearing upon the psychiatrists' report, at the conclusion of which the trial court made a finding that Webb was a psychopathic offender.

*Motion for leave to appeal overruled (37597), October 3, 1962.

The trial court sentenced Webb to the Ohio Penitentiary for an indeterminate period under the most recent conviction and ordered that sentence to be served concurrently with an earlier sentence which was being served by Webb. The court then indefinitely suspended the sentence and ordered Webb committed to the Ohio Department of Mental Hygiene and Correction for treatment, the commitment to continue until Webb was cured.

Counsel for Webb, after the sentencing, filed a notice of appeal to this court "on questions of law and fact," but this was subsequently reduced to an appeal on questions of law only.

The statute under which Webb was indicted, namely, Section 2903.01, Revised Code, reads as follows:

"No person over the age of eighteen years shall assault a child under the age of sixteen years, and willfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child, or willfully make improper exposures of his person in the presence of such child.

"Whoever violates this section is guilty of felonious assault and shall be fined not less than five hundred nor more than five thousand dollars or imprisoned not less than one nor more than ten years, or both."

The indictment against Webb, omitting certain formal allegations, reads in part as follows:

"The jurors of the grand jury of the state of Ohio * * * in the name and by the authority of the state of Ohio, upon their oath do find and present that Robert E. Webb late of said county, on or about the 21st day of January in the year of our Lord, one thousand nine hundred and sixty-one within the county of Franklin aforesaid, being over the age of eighteen years, did willfully make improper exposures of his person in the presence of Christine Periman, a child under the age of sixteen years, contrary to the statute in such cases made and provided and against the peace and dignity of the state of Ohio."

Four errors have been assigned by Webb, which are as follows:

"The court erred in overruling defendant's motion to quash the indictment for the indictment failed to charge an offense under the statute, R. C. Section 2903.01 by omitting the essential element of assault from its specifications.

"The court erred in its instructions to the jury in that it failed and refused to properly define a felonious assault under R. C. Section 2903.01, by omitting the essential element of an assault.

"The court erred in his instructions to the jury in that he failed and refused to instruct the jury, although requested to do so, as to the element of criminal intent.

"The verdict and judgment were against the manifest weight of the evidence and at the close of the state's case, it was error for the court to overrule defendant's motion to dismiss the proceedings due to the lack of evidence."

We shall consider the first and second assignments of errors together. This is for the reason that both of them relate to the meaning to be given to the word "assault" as used in Section 2903.01, *supra,* the first assignment of error complaining that the trial court erred in overruling a motion to quash the indictment because of the alleged failure of the indictment to make a sufficient allegation as to an assault, while the second assignment of error complains of the alleged failure of the trial court to give a complete instruction to the jury with reference to the definition of the crime "felonious assault" with particular reference to the definition of "assault."

A reading of Section 2903.01, *supra,* discloses that it is applicable to persons, eighteen years of age or older, with reference to their conduct toward children under sixteen years of age, and specifically forbids and penalizes two types of criminal action. The first relates to persons who "willfully take indecent and improper liberties with the person of such child, without committing or intending to commit the crime of rape upon such child," which we will refer to as "indecent liberties" and is not here involved. The second relates to persons who "willfully make improper exposures of his person in the presence of such child," which we will refer to as "improper exposures" and is the charge which was brought against Webb.

It has been held by the Supreme Court of Ohio, in the case of *State* v. *Rudy* (1954), 162 Ohio St., 362, that Section 12423-1, General Code (now Section 2903.01, Revised Code), is not void for uncertainty, although some of the language used in this section, according to the court, is "admittedly inept."

As we understand it, one of the principal contentions ad-

vanced on behalf of Webb is that the statute by express terminology makes an assault upon the complaining witness, in this case a 13-year-old girl, an element of the offense, and that the indictment is fatally defective if it does not contain an allegation relative to such assault in addition to the other necessary allegations and further, that the charge of the court to the jury in defining the offense must refer to such assault and define it as a separate element of the offense.

The trial court overruled the contentions with reference thereto made by counsel for Webb, stating that the sole issue before the jury was whether or not Webb unlawfully made improper exposure of his person in the presence of the little girl, complaining witness in the case.

The court has given careful consideration to the comprehensive and thorough briefs which have been filed on behalf of Webb and the state of Ohio. As to the first two errors assigned, the issue is squarely presented as to whether or not under Section 2903.01, *supra,* in addition to the other elements of the offense, the state must allege and prove an assault as that term was understood at common law.

From our examination of the authorities on this question, we conclude that the question must be answered in the negative. In the case of *State* v. *Green,* 84 Ohio App., 298, decided in 1948 by the Court of Appeals for Franklin County, the first paragraph of the syllabus is as follows:

"An assault is not an essential element of the offense of wilfully making improper exposures of the person in the presence of a child under the age of 16 years, as defined in Section 12423-1, General Code [now Section 2903.01, Revised Code]."

The defendant in that case was charged with improper exposure of his person. In the opinion by Judge Roscoe G. Hornbeck, the term "assault" is discussed at some length, and at page 301 there appears the following:

"We have finally come to the opinion that a proper construction of the language of the statute [Section 12423-1, General Code] is that assault is not a requisite element of the offense here charged.

"* * *

"The word 'assault' in the section seems to be surplusage, both as to the first and the second parts thereof. In the first

part, manifestly when a person takes indecent and improper liberties with the person of a child, that is a battery which is inclusive of an assault. As to the second part of the section, it is entirely contrary to the offense there defined to couple it with an assault."

On behalf of Webb, it is argued that the *Green case, supra,* is not in point because in that case the defendant and the complaining witness were in closer proximity, being in the first and second row, respectively, of a moving picture theater. We do not find ourselves in agreement with this contention. From an examination of the record before us, it seems clear that the defendant was close enough to the little girl for her to see the exposed person of the defendant. It was brought out upon cross-examination of the complaining witness by counsel for Webb that the episode both embarrassed and insulted the 13-year-old girl, certainly the very thing the statute was designed to prevent.

In the case of *State* v. *Theisen,* 94 Ohio App., 461, decided by the Court of Appeals for Huron County on April 13, 1953, the syllabus is as follows:

"Upon proof beyond a reasonable doubt that an accused made improper exposure of his person in the presence of a child under 16 years of age, such accused may be fined or imprisoned as provided by Section 12423-1, General Code, regardless of proof of any additional overt act."

In discussing Section 12423-1 of the General Code, now Section 2903.01, Revised Code, Judge Lehr Fess, at page 463, said in part as follows:

"* * * The use of the term, 'felonious assault,' neither adds nor detracts from the offense. Therefore, it is concluded that upon proof beyond a reasonable doubt that an accused made improper exposure of his person in the presence of a child under 16 years of age, he may be fined or imprisoned as provided by the statute, regardless of proof of any additional overt act."

In the case of *State* v. *Dobbins* (1960), 171 Ohio St., 40, in which the defendant was convicted of taking indecent liberties with the person of a child under sixteen years of age, the syllabus is as follows:

"Proof of the taking of indecent and improper liberties

with the person of a child under the age of 16 years by a person over the age of 18 constitutes sufficient proof of an 'assault' within the meaning of Section 2903.01, Revised Code.''

. In course of the opinion, at pages 42 and 43, by Judge James F. Bell, there appears the following:

''Technically, the word, 'assault,' as used in the statute under consideration may, of course, be construed in its classic definition, thus requiring the proof of an actual threat to do harm coupled with a present ability to do it. To do so, however, would tend to render impotent the protective arm that the demands of an enlightened society have caused to be placed around those of tender years.

'' * * *

''In commenting upon the nature of the protection given to young boys and girls by the statute here under consideration, Judge Doyle in *State* v. *Rudy,* 101 Ohio App., 241, 139 N. E. (2d), 81, said:

'' 'The law was directed at homosexuals who would assault children of either sex, as well as against anyone else over the age of 18 who would take such liberties with the person of a child under the age of 16 years by assault as the common sense of society would regard as indecent, indelicate and improper.'

''And it is interesting to note that in the review of the *Rudy case* by this court (162 Ohio St., 362, 123 N. E. [2d], 426), although the question of the necessity of proof of assault was not raised, the syllabus of that case begins with the words, 'Section 12423-1, General Code *which defines felonious assault * * *.*'

''It was unquestionably the intention of the General Assembly to protect young people, both male and female, from their own curiosity and from the improper and indecent advances by more mature persons, whether those advances are in the form of taking indecent liberties with the person of the child or in the form of indecent exposures of the person of the adult. To permit one to escape the consequences of his act by requiring proof of an actual assault would tend to destroy the prophylactic effect of the statute. We are of the opinion that the act of taking indecent and improper liberties with the person of a child under 16 by a person over 18 constitutes, in and of itself, the felonious assault which is defined in Section 2903.01, Revised Code.''

In view of the holding by the Supreme Court of Ohio, it would appear that the contentions on behalf of Webb, as set forth in the first and second assignments of error, are not well taken and must, therefore, be overruled.

The third assignment of error relates to the refusal of the court to give the special instructions requested by counsel for Webb with reference to the element of criminal intent, it being the contention on behalf of Webb that the evidence showed that Webb was intoxicated to such an extent that he "blacked-out." We do not believe that under the evidence, the jury was required to arrive at such a conclusion. The defendant did not testify.

The only two witnesses called by the defense could shed no light on the question as to the extent of Webb's intoxication *at the time the crime allegedly was committed.* Webb did call the president of a woman's organization in the church, where he was employed as a janitor, to explain his absence from work, but this indicates a logical operation of the mind rather than any condition of black-out. As we view it, the charge given by the court was adequate and the omission complained of was not prejudicial to the rights of the defendant and must, therefore, be overruled.

In the fourth assignment of error, it is the contention of Webb that the court erred in overruling defendant's motion made at the close of the state's case to dismiss the indictment for insufficient evidence and that the verdict and judgment are against the manifest weight of the evidence. We find ourselves unable to agree with this contention and, on the contrary, are of the opinion that the record contains adequate evidence on every material issue which, if believed by the jury, was sufficient to sustain the judgment and verdict. While the defendant clearly had the right to refuse to take the stand on his own behalf, under the provisions of Section 10 of Article I of the Constitution of Ohio and Section 2945.43 of the Revised Code, this failure on the part of the defendant to testify in his own behalf "may be considered by the court and jury and may be made the subject of comment by counsel."

In this case, the defendant was faced with a serious charge and was in the court which was empowered to try such cases. Although he unquestionably would have been permitted, had he

chosen, to take the stand and testify, he elected to remain silent in face of evidence which the jury regarded as sufficient to prove beyond a reasonable doubt that Webb was guilty. We are unable to say as a matter of law that the evidence in this case is insufficient to sustain the verdict returned by the jury or that the verdict and the judgment are against the manifest weight of the evidence. We conclude, therefore, that the trial court did not err in overruling defendant's motion to dismiss the indictment at the close of the state's case. Being of this opinion, it follows that the fourth assignment of error must be overruled.

For the reasons above set forth, the four assignments of error are not well taken and must be overruled. The judgment of the court below is affirmed and the cause is remanded to that court for further proceedings in accordance with law.

*Judgment affirmed.*

DUFFEY, P. J., and DUFFY, J., concur.